OPINION OF THE COURT
Elizabeth A. Garry, J.
Petitioner commenced this proceeding pursuant to article 10 of the Mental Hygiene Law by order to show cause dated October 5, 2007 upon a petition for civil management pursuant *595 to Mental Hygiene Law § 10.06 (a). Respondent cross-moves for dismissal of the article 10 application upon the grounds that there was a prior petition withdrawn under circumstances requiring a change of circumstances for reinstitution, that the court lacks subject matter jurisdiction based upon the underlying circumstances, and that the State may not employ article 10 to revoke the respondent’s release to the community under parole supervision. The parties appeared, by counsel, for oral argument before the court at the Chenango County Courthouse on October 30, 2007.
Procedural History
Respondent was convicted of sexual abuse in the first degree, a class D felony, in violation of Penal Law § 130.65 on September 25, 2000. He was initially sentenced to five years’ probation, but was subsequently found to be in violation of the probation terms and resentenced by the Tioga County Court on October 22, 2001 to a term of six years with three years’ postrelease supervision. The maximum expiration date of respondent’s prison sentence was October 5, 2007. His anticipated conditional release date from the correctional facility was scheduled for April 5, 2007; his postrelease supervision maximum expiration date is April 5, 2010. (Petition, exhibit A; cross motion, exhibit A.)
In late March of 2007, respondent agreed to admission to the St. Lawrence Psychiatric Center, an Office of Mental Health (OMH) facility, on a voluntary status pursuant to Mental Hygiene Law § 9.13. This agreement was reached with the assistance of counsel, in lieu of a proceeding via Correction Law § 402. He was admitted to the Sex Offender Treatment Unit at the facility on April 6, 2007. (Petition, exhibit B.) Thereafter, on June 27, 2007, respondent was served with a notice of referral to a case review team pursuant to article 10. (Petition, exhibit G.)
The parties engaged in proceedings thereafter under both articles 9 and 10 of the Mental Hygiene Law in the Supreme Court, St. Lawrence County, in very close succession. On July 6, 2007, respondent commenced proceedings in Supreme Court, St. Lawrence County, seeking release from the facility pursuant to Mental Hygiene Law § 9.13. On July 11, 2007, that application was granted and respondent Swartz was released from the St. Lawrence Psychiatric Center to the custody of the Division of Parole. (Order; petition, exhibit E; cross motion, exhibit C.) *596 Also on July 11, 2007, an article 10 proceeding was commenced by order to show cause in St. Lawrence County Supreme Court, upon petitioner’s application verified on July 10, 2007. This proceeding was made returnable July 17, 2007. (Petition, exhibit D.) Respondent cross-moved for dismissal of the article 10 proceeding.* (Cross motion, exhibit B.) The article 10 argument was never fully presented before the court, however, as petitioner’s counsel advised, by correspondence dated July 13, 2007, that in light of the transfer of the patient from the St. Lawrence Psychiatric Center to the supervision of parole, and his resulting move to Chenango County, the proceedings in St. Lawrence County were rendered moot. This correspondence indicated that the petition was prefatory to the article 10 proceeding, but that based upon the decision in the article 9 matter,
“the venue of the matter is now transferred to Chenango County and any further proceedings will have to await the evaluation of the petitioner’s status by. the State Division of Parole and OMH once he is situated in his new residence ... In view of the foregoing, any further proceedings in this Court regarding this matter would be moot. Consequently, we respectfully withdraw this application, without prejudice to renewal, should circumstances change.” (Cross motion, exhibit E.)
Legal Analysis
At oral argument it was undisputed that venue is improper in Chenango County. Respondent is in fact residing just over the county border, in Otsego County, though the post office is located in Chenango County. (See Mental Hygiene Law § 10.06 [a].) The parties agreed to proceed with the substantive issues, with the matter to be transferred to Otsego County should the petition survive the motion for dismissal on the other grounds. (See also Mental Hygiene Law § 10.08 [e].)
The parties vigorously dispute whether the “agency with jurisdiction” in this matter is the Office of Mental Health or the Division of Parole, either of which is statutorily empowered to commence a proceeding pursuant to Mental Hygiene Law § 10.03 (a). Respondent’s central argument is that as he was *597 under supervision of the Division of Parole when the petition was served, he was not nearing an anticipated release date. As respondent remains under parole supervision until 2010, he asserts that the court lacks jurisdiction to proceed in accord with the statutory directives.
Respondent was served with notice under article 10 of the referral of his case to a case review team on June 27, 2007 while he was in an OMH facility. (Petition, exhibit G.) The order for respondent’s release from the OMH facility to the custody of the Division of Parole was executed thereafter on July 11, 2007. (Petition, exhibit E; cross motion, exhibit C.) As noted in the factual and procedural history above, this is the very same date that the initial article 10 proceeding was commenced, by order to show cause. (Petition, exhibit D.) While the precise timing of these two events on this date is not otherwise clear, respondent asserted in his prior motion to dismiss that the release from the OMH facility preceded the commencement of the article 10 proceeding. (See cross motion, exhibit B, paras 14-17.) This assertion is not directly controverted by petitioner. This court thus finds that the transfer to parole supervision did in fact precede the commencement of the initial article 10 proceeding on July 11, 2007.
The instant article 10 proceeding was clearly commenced during the period of respondent’s parole, by petition filed October 5, 2007. This date is the maximum expiration date of his sentence, but is still some three years prior to his anticipated release from parole. {See petition para 1.)
Therefore, the “agency with jurisdiction” in this matter is the Division of Parole. (Mental Hygiene Law § 10.03 [a].) Respondent is a “detained sex offender” as statutorily defined within Mental Hygiene Law § 10.03 (g) (1), though at the time of the initial notice in June of 2007 he fell within the alternate provisions of section 10.03 (g) (5). As respondent was previously in the jurisdiction of the Office of Mental Health, the notice of June 27, 2007 was mandatory, though it is not required for individuals subject to parole supervision. (Mental Hygiene Law § 10.05 [b].)
This most pertinent section of the statutory provisions addressing the notice to a detained sex offender nearing anticipated release reads in full as follows:
“When it appears to an agency with jurisdiction, other than the division of parole, that a person who may be a detained sex offender is nearing an *598 anticipated release, the agency shall give notice of that fact to the attorney general and to the commissioner of mental health. When the division of parole is the agency with jurisdiction, it may give such notice. The agency with jurisdiction shall seek to give such notice at least one hundred twenty days prior to the person’s anticipated release, but failure to give notice within such time period shall not affect the validity of such notice or any subsequent action, including the filing of a sex offender civil management petition.” (Mental Hygiene Law § 10.05 [b].)
There is no requirement either in this provision or in any other portion of the statute that establishes the earliest date on which the State may commence the civil management review process. Contrary to respondent’s assertion, the statutory provisions do not limit the application of article 10 to a particular period prior to release. The fact that respondent in this case is actually several years from anticipated release does not prohibit the commencement of an article 10 proceeding, nor divest the court of jurisdiction. While the article is primarily directed at individuals anticipating release from confinement or supervision, the statutory provisions cannot be construed to limit application of the article to such individuals by implication. (See McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Omissions in a statute cannot be supplied by construction. (Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth., 79 AD2d 516 [1st Dept 1980].) “The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended.” (Pajak v Pajak, 56 NY2d 394, 397 [1982].)
Further, the correspondence of the Attorney General withdrawing the July 11, 2007 petition from further proceedings before the court should not be read as broadly as respondent asserts. The mere inclusion of the phrase “should circumstances change” in that correspondence cannot fairly be read to preclude the instant application, as the body of the letter clearly references the issue of venue as the primary basis of the withdrawal. The prior petition was expressly withdrawn “without prejudice to renewal.” (Cross motion, exhibit D.) The instant proceeding was timely commenced following service upon respondent of the notice of determination of the case review team. Respondent has remained subject to parole supervision throughout the entire period, and was not prejudiced by the delay arising from withdrawal of the earlier proceeding, nor by the subsequent commencement of the instant matter.
*599 Conclusion
Based upon the facts and legal analysis set forth above, respondent’s cross motion to dismiss is denied, and the article 10 proceeding commenced by the petition filed on October 5, 2007 shall continue for a probable cause hearing in accord with the statutory provisions.
As respondent was subject to parole supervision at the time of commencement, and is expected to so remain for a significant period in the future, the provisions of Mental Hygiene Law § 10.06 (h) do not apply to these circumstances.
The matter shall be transferred for further proceedings in the Supreme Court, Otsego County, the county where the respondent resides, in accord with Mental Hygiene Law § 10.06 (a) and pursuant to section 10.08 (e).

 This cross motion presented some grounds similar to those raised in the instant matter, as the argument regarding lack of jurisdiction based upon respondent’s anticipated release date from parole supervision until 2010 was raised at that time.