OPINION OF THE COURT
Phillip R. Rumsey, J.
Respondent pleaded guilty to and was convicted of several sex offenses in 2001, was sentenced accordingly, and was committed to the custody of the Department of Correctional Services. As he neared his conditional release date of March 27, 2007, the Attorney General applied pursuant to Correction Law § 402 for an order committing respondent to a secure facility under the control of the Office of Mental Health (OMH). The application was granted, and respondent was ordered into the custody of *285 OMH for a period of six months, commencing on April 12, 2007.[1] As of October 12, 2007, the expiration date of the six-month order, no further proceeding had been initiated to extend respondent’s confinement. Nevertheless, he was not released, and remained in the custody of OMH. On November 20, 2007, the Mental Hygiene Legal Service (MHLS) filed a petition on his behalf, demanding his release.
That petition was ultimately granted, by an order of the Supreme Court (Demarest, J., St. Lawrence County), dated November 30, 2007, which directed respondent’s release. As of December 4, 2007, however, he had still not been released. Upon a further request by MHLS, the court then issued another order directing respondent’s immediate release. He was ultimately released to the supervision of the Division of Parole — and transferred to an inpatient treatment facility in Fishkill, as required by a special condition of his parole — on December 4, 2007.
In the meantime, on or about November 28, 2007, respondent’s situation was referred to a “case review team” pursuant to Mental Hygiene Law § 10.05 (e). On December 3, 2007, that panel reported that it found respondent to be a “sex offender in need of civil management” (Mental Hygiene Law § 10.05 [g]), and, on December 5, 2007, the Attorney General filed the instant petition pursuant to Mental Hygiene Law § 10.06 (a), seeking a determination that respondent is a sex offender requiring civil management. The court (Brands, J., Dutchess County) signed an order to show cause, dated December 5, 2007, scheduling a probable cause hearing (Mental Hygiene Law § 10.06 [g]), and directing, inter alia, that respondent be returned to the custody of the Office of Mental Health pending the hearing, pursuant to Mental Hygiene Law § 10.06 (h). Respondent thereafter demanded removal of the proceeding to Broome County where he had been charged with the underlying offense (Mental Hygiene Law § 10.06 [b]), and the matter was transferred to this venue. Respondent also moved for dismissal of the petition for lack of jurisdiction, and that motion is presently before the court.
Respondent contends that the petition must be dismissed because he was not a “detained sex offender” (see Mental Hygiene Law § 10.03 [g]) when the proceeding was commenced and, in addition, that OMH, alleged in the petition to be an *286 “agency with jurisdiction” (Mental Hygiene Law § 10.03 [a]), did not in fact have jurisdiction over respondent when the petition was brought. Once respondent had been found by the court to be entitled to release from the OMH facility to which he had been previously committed pursuant to Correction Law § 402, he contends, the only agency that might have been entitled to commence an article 10 proceeding would have been the Division of Parole. And, because respondent is not “nearing release” from parole supervision, he maintains that the Division of Parole is also without authority to bring such a proceeding. Lastly, respondent urges that the court’s ex parte order directing his return to OMH custody, pending the probable cause hearing, was improper.
Inasmuch as respondent fell squarely within one of the alternative definitions of a “detained sex offender” — to wit,
“[a] person convicted of a sex offense who . . . was at any time after [September 1, 2005], a patient in a hospital operated by [OMH], and who was admitted directly to such facility pursuant to . . . section [402] of the correction law upon release or conditional release from a correctional facility” (Mental Hygiene Law § 10.03 [g] [5]) — the argument that he was not a “detained sex offender” when the petition was filed must be rejected.
Although respondent makes much of the fact that his continuing retention by OMH was illegal after October 12, 2007 (or, at the latest, after November 30, 2007, when the court ordered his release), even if he had been released in October, he would still have come within the cited definition, because he was a patient at an OMH facility after September 1, 2005 and had been admitted to that facility pursuant to Correction Law § 402 upon his conditional release from prison.
Nor is the court persuaded that either Justice Demarest’s order of November 30, 2007, or respondent’s actual release from OMH custody on December 4, 2007, divested OMH of its authority to continue to pursue the remedies provided by article 10. The statute defines an “agency with jurisdiction” as “that agency which, during the period in question, would be the agency responsible for supervising or releasing” the subject individual (Mental Hygiene Law § 10.03 [a]). This begs the question, however, as to what precisely is “the period in question.” Upon consideration of the entire statutory framework, it seems that the Legislature intended for the identity of the “agency with jurisdiction” to be determined at the time when the subject *287 individual is confined, restrained, or subject to supervision, from which he or she is anticipating release.
Interestingly, the phrase “agency with jurisdiction” is used in only three places in article 10. Of chief importance is its appearance in section 10.05 (b) in reference to the service of a notice of anticipated release. That section provides that “an agency with jurisdiction” shall (or may, in the case of the Division of Parole) give notice of an individual’s anticipated release to the Commissioner of Mental Health (which is arguably redundant if the agency is OMH) and the Attorney General. The sole purpose of that notice is to set in motion the proceedings outlined in Mental Hygiene Law § 10.05, commencing with consideration by the Commissioner’s preliminary review staff (Mental Hygiene Law § 10.05 [d]), followed by possible referral of the matter to a case review team (id.). A finding by that team that the individual is in need of civil management then vests the Attorney General with discretion to file a petition in court (Mental Hygiene Law § 10.06 [a]). Once the initial notice is given, however, no further action by the “agency with jurisdiction” is required or contemplated. The petition is filed by the Attorney General, not by the agency that initially provided the notice.[2]
Most significant, however, in this regard, is the fact that the Legislature clearly contemplated the possibility that an individual may be released from the confinement that prompted the commencement of proceedings under Mental Hygiene Law § 10.05, prior to the filing of a petition under section 10.06, and directed that under those circumstances “the court shall order the respondent’s return to confinement” (see Mental Hygiene Law § 10.06 [h]). If an individual’s release from confinement, *288 whether by the termination of a legal period of commitment or otherwise, divested an agency of its status as an “agency with jurisdiction,” or divested the Attorney General of the authority to file a petition under section 10.06 (a), there would be no opportunity for this provision to be applied.
Thus, the court is of the view that OMH became an “agency with jurisdiction” when respondent first met the definition of a “detained sex offender” within its custody or control (which, in his case, occurred when article 10 took effect, on April 13, 2007, as respondent was at that time a “detained sex offender” pursuant to Mental Hygiene Law § 10.03 [g] [5]). Regardless of when respondent was actually released from OMH custody, or the manner in which that release ultimately came about, OMH was, during his confinement, the agency “responsible for” releasing him therefrom. Once the matter was referred to the case review panel, OMH did not lose its status as the “agency with jurisdiction” in respect of the proceedings that were under way, merely because respondent was, or should have been, released from its custody either (1) before the case review panel completed its review (Mental Hygiene Law § 10.06 [f]), or (2) before the petition was filed (Mental Hygiene Law § 10.06 [h]).
It is suggested that OMH may have been divested of jurisdiction because no formal, written “notice” was given, pursuant to Mental Hygiene Law § 10.05 (b), prior to the issuance of the court order directing respondent’s release. The court finds that, despite the apparent failure to provide formal notice, actual notice was clearly provided in some fashion prior to November 28, 2007 (when the matter was referred to a case review team). The sole discernible purpose of such notice is to prompt the investigation and review process set out at Mental Hygiene Law § 10.05 (d) and (e); thus, once that process has in fact begun, the lack of notice is of no moment. In any event, respondent is not entitled to receive such notice, and has not demonstrated any prejudice flowing from its absence.[3]
Respondent next argues that the manner in which relief was sought and obtained in this case violates the restriction *289 contained in Mental Hygiene Law § 10.03 (g) (5), that “the provisions of this article shall not be deemed to . . . lengthen the time for which [a] person may be held pursuant to [Correction Law § 402].” Because Justice Demarest ordered respondent released, on the ground that the term of his commitment pursuant to Correction Law § 402 had expired, respondent urges that his immediate return to OMH custody, by ex parte order pursuant to Mental Hygiene Law § 10.06 (h), had the impermissible effect of “lengthening” the time of his commitment pursuant to Correction Law § 402. This, too, is unpersuasive.
Respondent’s return to OMH, pursuant to Mental Hygiene Law § 10.06 (h), was entirely separate and distinct from his confinement pursuant to Correction Law § 402. Regardless of when or how he may have been entitled to release from that initial term of confinement, Mental Hygiene Law § 10.06 (h) provides that if an individual has been released from the original confinement that prompted his or her classification as a “detained sex offender” — whether that was a confinement in prison, in an OMH facility, or otherwise — after commencement of the prepetition review set forth in section 10.05, but before the filing of a civil management petition, the court shall direct that he or she be returned to custody. This is not an extension of the custody authorized by Correction Law § 402, but an entirely new commitment, for a new purpose, under a different statute (Mental Hygiene Law art 10).
While the mere fact that a person is a “detained sex offender” under section 10.03 (g) (5), or that a notice has been served pursuant to Mental Hygiene Law § 10.05 (b) or review proceedings begun under Mental Hygiene Law § 10.05 (d) or (e), cannot, without more, provide justification for holding a person in custody beyond the extension of their commitment pursuant to Correction Law § 402 (as Justice Demarest evidently concluded), once a separate legal proceeding has been commenced, the basis for the individual’s commitment is no longer Correction Law § 402, but rather Mental Hygiene Law article 10. Respondent’s section 402 commitment was therefore not lengthened by application of article 10; rather, he was committed anew, pursuant to the express provisions of the latter statute.
Accordingly, the motion to dismiss is hereby denied.

. Incidentally, the following day, April 13, 2007, was the effective date of the newly enacted civil management statutes (Mental Hygiene Law art 10).

. The other two appearances of the term “agency with jurisdiction” are of less significance. One is in the definition of “detained sex offender” (Mental Hygiene Law § 10.03 [g]) wherein an individual in the “care, custody, control, or supervision” of such an agency is defined as including one who was a patient in an OMH hospital after September 1, 2005 (again, implying that with respect to a person who comes within that definition, OMH is an “agency with jurisdiction”). The final appearance of the phrase, in section 10.08 (f), clarifies a respondent’s ability to consent to relief that “could be sought by an agency with jurisdiction by means of a court proceeding.” This implies that an “agency with jurisdiction” may seek relief in court, while in fact it is the Attorney General who is authorized to take such action. Nevertheless, even taking this as some indication that the Legislature viewed the referring agency as a necessary participant in the court proceeding, it still does not provide any basis for concluding that a referring agency loses its status as an “agency with jurisdiction” upon its release of the subject individual, at least where, as here, the preliminary steps set forth in Mental Hygiene Law § 10.05 have been commenced.

. Insofar as respondent argues that it was improper for the court to direct his return to OMH custody pursuant to Mental Hygiene Law § 10.06 (h), because that statute refers only to a respondent who has been “released subsequent to notice” being given under section 10.05 (b), the court finds that where, as here, the review process that is to be put in motion by such notice has in fact occurred (despite an apparent failure to actually provide the notice intended to trigger it), notice should be deemed to have been given, for these purposes, prior to the commencement of that process.