■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DAVID NN., Appellant, v MICHAEL HOGAN, as Commissioner of Mental Health, et al., Respondents. [862 NYS2d 150]—

Kane, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered January 22, 2008 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In April 2007, Supreme Court (Ryan, J.) in Clinton County issued a Correction Law § 402 commitment order, on consent of the parties, transferring petitioner from a state correctional facility to a facility operated by the Office of Mental Health (hereinafter OMH). Despite the expiration of that order on October 5, 2007, OMH did not release petitioner. OMH was apparently conducting a review of petitioner pursuant to newly-enacted Mental Hygiene Law article 10, but the review was not complete by his scheduled release date. In November 2007, petitioner commenced a CPLR article 78 proceeding challenging his illegal confinement by OMH. On November 30, 2007, Supreme Court (Demarest, J.) in St. Lawrence County granted the petition and ordered OMH to immediately release petitioner from its facility to the Division of Parole. When OMH did not comply with this order, petitioner secured another order on December 4, 2007, requiring OMH to comply with the prior order and immediately release petitioner. The court refused the Attorney General's request to review and sign an order to show cause holding petitioner in OMH custody pending Mental Hygiene Law article 10 review. OMH released petitioner to the custody of the Divi-

sion of Parole, which transported him to Chemung County, the location of his approved residence. On December 5, 2007, the state obtained an ex parte order to show cause whereby Supreme Court (Mulvey, J.) in Chemung County authorized OMH to detain petitioner pending a Mental Hygiene Law article 10 probable cause hearing. Petitioner was involuntarily admitted to a different OMH facility pursuant to that order.

On December 7, 2007, petitioner commenced this proceeding pursuant to CPLR article 70 seeking a writ of habeas corpus. Supreme Court held the Mental Hygiene Law article 10 probable cause hearing prior to ruling on petitioner's petition. Following the hearing,[1] the court found probable cause to believe that petitioner was a "sex offender requiring civil management" (Mental Hygiene Law § 10.06 [k]), directed that he be held in an OMH facility pending trial and dismissed his petition as moot. Petitioner appeals from the dismissal of his petition for a writ of habeas corpus.

Initially, the refusal by Supreme Court (Demarest, J.) to consider the Attorney General's telephonic application for an order to show cause concerning a Mental Hygiene Law article 10 petition did not constitute a ruling on the merits of such a petition. This determination merely signaled the court's disinclination to either shorten the notice period for such a petition or effectively stay petitioner's release from custody. Because there was no decision entitled to res judicata effect, Supreme Court (Mulvey, J.) properly considered the petition in the first instance.[2]

Petitioner's main contentions are that, at the time the petition was filed, OMH was not an agency with jurisdiction under Mental Hygiene Law article 10, and the only agency with jurisdiction, the Division of Parole, was without authority to bring such a proceeding because petitioner was not "nearing an

---

1. We agree with petitioner that the entire transcript of the probable cause hearing was not properly part of the record on this appeal concerning denial of the writ of habeas corpus (see CPLR 5526; 22 NYCRR 800.5 [a]; 800.7). Accordingly, this Court only considered portions of that transcript addressing issues relevant to this appeal.

2. We do note that the required practice, upon counsel presenting an order to the court, is for counsel to inform the court that a similar order had previously been proposed to another court (cf. Code of Professional Responsibility DR 7-102 [a] [3] [22 NYCRR 1200.33 (a) (3)] [prohibiting lawyers from concealing or failing to disclose information a lawyer is required by law to reveal]). Here, Justice Mulvey "was surprised to hear that Judge Demarest was involved quite extensively in this matter." Had counsel informed Justice Mulvey of the extent of the proceedings before Justice Demarest, Justice Mulvey may have required the Attorney General to provide notice of the ex parte application to Mental Hygiene Legal Service.

anticipated release" from that agency (Mental Hygiene Law § 10.05 [b]). Under article 10, when a potential "detained sex offender" is "nearing an anticipated release" from an agency with jurisdiction, that agency must give notice of the nearing release to the Attorney General and OMH (Mental Hygiene Law § 10.05 [b]). Petitioner qualifies as a "detained sex offender" under more than one definition of that term, based upon his supervision by parole and his confinement under Correction Law § 402 (*see* Mental Hygiene Law § 10.03 [g] [1], [5]). An "agency with jurisdiction" is defined as "that agency which, during the period in question, would be the agency responsible for supervising or releasing" the detained sex offender, and can include OMH and the Division of Parole (Mental Hygiene Law § 10.03 [a]). When a person who may qualify as a detained sex offender "is nearing an anticipated release," an agency with jurisdiction generally must notify OMH and the Attorney General of that fact at least 120 days prior to the anticipated release, although the statute specifically declares that no penalty or invalidity results from a failure to comply with that time period (Mental Hygiene Law § 10.05 [b]; *see* Mental Hygiene Law § 10.08 [f]). After receiving notice, OMH staff review the person's records and determine whether the matter should be referred to a case review team for further evaluation (*see* Mental Hygiene Law § 10.05 [d]). The case review team is required to make a recommendation to the Attorney General within 45 days, but again, the Legislature specifically stated that there are no consequences for failing to meet that deadline (*see* Mental Hygiene Law § 10.05 [g]). The Attorney General then decides whether to file a sex offender civil management petition within 30 days of receiving the case review team's findings (*see* Mental Hygiene Law § 10.06 [a]). Within 30 days of the filing of a petition, the court must hold a probable cause hearing and, within 60 days after determining that probable cause exists, the court must hold a jury trial (*see* Mental Hygiene Law § 10.06 [g]; § 10.07 [a]).

Petitioner contends that OMH was not an agency with jurisdiction because he was already released from OMH custody by the time the Mental Hygiene Law article 10 petition was filed; thus, he was not nearing release from that agency. The statutes only require the detained person to be in the agency's custody and nearing release when the initial notice is given, however, not when the petition is filed (*see Matter of State of New York v Millard*, 19 Misc 3d 283, 288 [2008]). Petitioner was in OMH custody and nearing his release date in August 2007 when OMH began a review of his records. Clearly, OMH had notice of petitioner's impending release date, having undertaken the

statutorily required review and being the agency holding petitioner in its custody. The failure to give timely formal notice to the Attorney General is excused by statute (see Mental Hygiene Law § 10.05 [b]). Petitioner's later release from OMH custody did not divest OMH of its status as an agency with jurisdiction under Mental Hygiene Law article 10; such a petition could have been filed even had petitioner been at liberty as opposed to being in the custody of another agency with jurisdiction—here, the Division of Parole. This position is supported by statutory language demonstrating that the Legislature contemplated the release of a detained person prior to a determination by the case review team or the filing of a petition (see Mental Hygiene Law § 10.06 [f],[3] [h]). Because OMH was an agency with jurisdiction that gave notice under Mental Hygiene Law § 10.05 (b) when petitioner was nearing anticipated release, OMH and the Attorney General were authorized to continue the Mental Hygiene Law article 10 process, including filing a petition (see Matter of State of New York v Millard, 19 Misc 3d at 288; but cf. Matter of State of New York v Swartz, 18 Misc 3d 594, 597 [2007]).

The state extended petitioner's confinement pursuant to Correction Law § 402 between October 5, 2007 and December 4, 2007 without authority.[4] But, contrary to petitioner's argument, the state did not illegally use Mental Hygiene Law article 10 to extend his Correction Law § 402 confinement (see Mental Hygiene Law § 10.03 [g] [5]). His return to an OMH facility pending a probable cause hearing under article 10 was an entirely separate and distinct confinement authorized under Mental Hygiene Law § 10.06 (h) (see Matter of State of New York v Millard, 19 Misc 3d at 289). Once Supreme Court found probable cause to believe that petitioner was "a sex offender requiring civil management" and that he should be committed to a secure OMH facility pending trial (Mental Hygiene Law § 10.06 [k]), petitioner was properly in OMH custody on this new basis. Thus, the court properly dismissed his application for a writ of habeas corpus as moot.

Mercure, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

---

3. Mental Hygiene Law § 10.06 (f) provides that when a detained person is released prior to a determination by the case review team, the Attorney General may file a securing petition to continue the person's confinement pending such a determination. Complying with this statute would have been the better course of action here, rather than detaining petitioner from October 5, 2007 until December 4, 2007 with no legal authority.

4. This unauthorized extension of confinement is not directly challenged in this proceeding.