OPINION OF THE COURT
Dineen A. Riviezzo, J.
In this proceeding brought under article 10 of the Mental Hygiene Law, respondent moves to dismiss the petition pursuant to CPLR 3211. For the reasons which follow, the motion is denied.
Respondent argues that this court lacks jurisdiction, that the petition fails to state a cause of action, and that the proceeding is not ripe for review. Respondent maintains that because a Mental Hygiene Law § 10.05 (b) notice did not precede the filing of the current petition, the proceeding is defective under article 10 of the Mental Hygiene Law. Under article 10, when a sex offender is nearing an anticipated release from an agency with jurisdiction, that agency “shall” give notice of the impending release (or, in the case of the Division of Parole, “may” give notice) to the Attorney General and Office of Mental Health (OMH) (Mental Hygiene Law § 10.05 [b]). The statutory section 10.05 (b) notice is required to be served at least 120 days prior to the anticipated release, although the statute expressly provides that no penalty or invalidity will result from a failure to comply with that time period (Mental Hygiene Law § 10.05 [b]; see Mental Hygiene Law § 10.08 [f]). After receiving the section 10.05 (b) notice, OMH staff interviews the person and reviews the person’s records to determine whether the matter should be referred to a case review team for further evaluation (see Mental Hygiene Law § 10.05 [d]). The case review team is required to make a recommendation to the Attorney General with notice to respondent within 45 days (see Mental Hygiene Law § 10.05 [g]). Within 30 days of receiving the case review team’s findings, the Attorney General’s Office determines whether a sex offender civil management petition should be filed (see Mental Hygiene Law § 10.06 [a]).
Because the timing of the events at issue here is crucial to the arguments raised and the determination of the motion, the court *614 has reconstructed the relevant events, which are set forth as follows:
Procedural Time Line
8/4/04 — Respondent convicted of attempted sexual abuse in the first degree and sentenced to a term of incarceration of 2 to 4 years.
9/19/06 — Respondent transferred from Mid-State Correctional Facility to Central New York Psychiatric Center under Correction Law § 402.
4/19/07 — Petition for Mental Hygiene Law article 10 relief is filed in Oneida County. Respondent is committed under Mental Hygiene Law article 9. (Oneida County petition.)
4/20/07 — Postrelease supervision (PRS) commences, respondent in custody of Office of Mental Health under Mental Hygiene Law article 9 as permitted by Correction Law § 404.
9/10/07 — Respondent transferred to Bronx Psychiatric Center (BPC) under Mental Hygiene Law § 9.27.
10/11/07 — Stipulation filed in Oneida County withdrawing first article 10 proceeding “with prejudice.” (Stipulation, Oct. 11, 2007 [emphasis added].)
11/20/07 — Respondent’s application for conversion of his status from involuntary to voluntary granted. (See Mental Hygiene Law §§9.13, 9.23.)
4/8/08 — Division of Parole gives notice to Attorney General and OMH of anticipated release to community pursuant to section 10.05 (b).
4/14/08 — Notice to respondent of referral to case review team received by respondent. (See Mental Hygiene Law § 10.05 [e].)
4/23/08 — OMH psychiatric interview held. (See Mental Hygiene Law § 10.05 [e].)
5/2/08 — OMH psychiatric report completed; notice given to respondent that he is a sex offender in need of civil management under Mental Hygiene Law § 10.05 (g).
5/20/08 — PRS expires. — Respondent remains voluntary patient in BPC. — Article 10 petition filed before Justice Joseph Dawson in Bronx County.
7/10/08 — Petition dismissed by Justice Dawson without prejudice to an application to vacate the prior “with prejudice” dismissal in Oneida County.
*615 9/8/08 — Honorable Justice Siegel (Oneida County) vacates stipulation of October 11, 2007 and substitutes dismissal “without prejudice” nunc pro tunc by stipulation.
10/2/08 — The instant article 10 petition is filed.
Petitioner thus filed the current petition after obtaining vacature of the October 11, 2007 stipulation, which erroneously recited that the Oneida County petition was withdrawn “with prejudice.” However, clearly no “new” section 10.05 (b) notice was filed. Respondent argues that the present petition is defective in that no new notice was given by OMH[1] under Mental Hygiene Law § 10.05 (b) before the instant petition was filed— instead, the petition is predicated on the April 8, 2008 notice provided to OMH and the Attorney General’s Office by the Division of Parole, which preceded the petition filed before Justice Dawson. In addition, respondent argues that the petition does not state a cause of action, and is not ripe for review, because the respondent is not “nearing an anticipated release” date within the meaning of Mental Hygiene Law § 10.05 (b).
In arguing that the petition is not defective, petitioner asserts that the present petition is properly predicated upon the earlier Mental Hygiene Law § 10.05 (b) notice. The crux of the divergent arguments raised here is that respondent argues that there is no statutory basis for allowing multiple petitions to be based on a single prior Mental Hygiene Law § 10.05 (b) notice, whereas the petitioner contends that there is no impediment to doing so. Under respondent’s view of the statutory scheme, each section 10.05 (b) notice should result in only one petition, and if a need arises for a second petition to be brought, that second petition should be based on a second Mental Hygiene Law § 10.05 (b) notice, the convening of a second case review team, the conducting of a second psychiatric interview and assessment, and only after complying with the foregoing, the filing of a subsequent petition.
This court need not determine whether an article 10 proceeding is “commenced” by the service of the notice under Mental Hygiene Law § 10.05, or whether a Mental Hygiene Law § 10.05 (b) notice must precede the filing of an article 10 petition in court. It was conceded by respondent, and the court finds, that with respect to the proceeding before Justice Dawson, the Mental Hygiene Law § 10.05 (b) notice was given properly and *616 timely by the Division of Parole, which was an agency with jurisdiction, and the petition was timely filed on the day that respondent’s postrelease supervision expired. Respondent does not contend that this prior proceeding was in any way procedurally defective, or that the court lacked jurisdiction. The petition brought before Justice Dawson was dismissed only because the prior article 10 proceeding in Oneida County was erroneously dismissed with prejudice. Again, it is beyond peradventure that the prior proceeding in Oneida County should have been dismissed without prejudice. Justice Dawson thus dismissed the petition without prejudice to an application to correct the prior order, and it was clear that a further petition could be filed once the error was rectified.
In the present context, and under the peculiar facts of this case, where the previous petition before Justice Dawson was dismissed due to a mutual error by petitioner’s and respondent’s counsel in misdesignating the dismissal in Oneida County as “with prejudice,” and where it is conceded that the prior petition before Justice Dawson was properly brought following the statutory review process including the service of a section 10.05 (b) notice by an agency with jurisdiction, the State should not be required to commence the entire review process anew from the point of service of a new section 10.05 (b) notice. No rational purpose would be served by requiring it. The filing and service of the instant petition is sufficient under the peculiar facts of this proceeding.
Because no “new” Mental Hygiene Law § 10.05 (b) notice needed to be served nor the entire review process be repeated under the facts of this case, this court need not reach the argument raised by respondent that since OMH is currently the only agency with jurisdiction (due to the fact that respondent is a voluntary patient under its care, and that the postrelease supervision has expired), this petition cannot be served based on the April 8, 2008 section 10.05 (b) notice served by the Division of Parole, an agency with jurisdiction during respondent’s period of postrelease supervision.[2]
Lastly, respondent argues that no article 10 proceeding can lie at this juncture, as respondent is not nearing an *617 anticipated release date. Respondent contends that as a voluntary patient under article 9, who has not sought release under Mental Hygiene Law § 9.13 (b), there is no anticipated release date. Respondent maintains that should he seek release, BPC would in all likelihood seek to retain him for treatment for an additional one-year period under provisions of article 9 which allow for involuntary retention. The statute defines release (see Mental Hygiene Law § 10.03 [m]), but does not define what is meant by “nearing” an anticipated release date. The statute, as noted above, contains some precatory language requiring a section 10.05 (b) notice to be served at least 120 days before the anticipated release date, but does not specify the earliest date upon which such a notice may be served. At least one court has held that the fact that respondent was several years from anticipated release did not prohibit the commencement of the proceeding, nor divest the court of jurisdiction. (Matter of State of New York v Swartz, 18 Misc 3d 594 [Sup Ct, Chenango County 2007, Garry, J.].) Indeed, precisely because respondent, as a voluntary patient, could seek release at any time, it is impossible to state that this proceeding was brought prematurely. As respondent maintains, upon respondent’s request for release, BPC would have only 72 hours to seek to retain respondent, and certainly respondent could be released should BPC fail to take action to retain him, or should a court deny BPC’s application. Petitioner’s right to proceed under Mental Hygiene Law article 10 should not depend upon whether BPC may or may not seek, or obtain, an involuntary retention order under Mental Hygiene Law article 9.
The remaining arguments are found to be without merit.
The motion to dismiss is denied in its entirety.

. See the discussion below as to whether OMH is presently an agency with jurisdiction.

. Assuming, without deciding, that OMH at this moment is the only agency with jurisdiction, which the petitioner disputes (see Mental Hygiene Law § 10.03 [a], [g] [5]; Matter of State of New York v Millard, 19 Misc 3d 283 [Sup Ct, Broome County 2008, Rumsey, J.]), this court need only note that the fact that the respondent may be in the custody of a different “agency with ju *617 risdiction” at the time a petition is filed as opposed to the time when the section 10.05 (b) notice is served, does not create a procedural defect, as “[t]he statutes only require the detained person to be in the agency’s custody and nearing release when the initial notice is given, however, not when the petition is filed.” (People ex rel. David NN. v Hogan, 53 AD3d 841, 843 [3d Dept 2008], Iv denied 11 NY3d 708 [2008].) In People ex rel. David NN, the court noted that the respondent was properly within OMH’s jurisdiction when the review process commenced, and it was thus irrelevant that he was not within OMH’s jurisdiction when the petition was filed. In the present case, the converse is true, i.e., respondent was properly under the jurisdiction of the Division of Parole when the section 10.05 (b) notice was served, and thus the fact that respondent may now be within OMH’s jurisdiction, as respondent argues, is inconsequential.