In the Matter of STATE OF NEW YORK, Appellant, v MICHAEL MATTER, Respondent. (Appeal No. 1.) [913 NYS2d 448]—

Appeal from an order and judgment (one paper) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 30, 2010 in a proceeding pursuant to Mental Hygiene Law article 10. The order and judgment dismissed the petition.

It is hereby ordered that the order and judgment so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: In appeal No. 1, the State of New York (State) appeals from an order and judgment dismissing its petition pursuant to Mental Hygiene Law article 10, seeking a determination that Michael Matter is a sex offender who requires civil commitment. In appeal No. 2, respondent, the Commissioner of the State Office of Mental Health (OMH), appeals from a judgment granting the petition of Michael Matter seeking a writ of habeas corpus and directing his release from its custody.

Matter had been incarcerated since 1997, and the Department of Correctional Services (DOCS) calculated his maximum expiration date to be June 6, 2008. On June 2, 2008, the State commenced the proceeding in appeal No. 1, and Matter was transferred to the custody of OMH upon his release from the custody of DOCS. Matter thereafter moved to dismiss the petition in the proceeding in appeal No. 1 and, as noted, he commenced the proceeding in appeal No. 2 seeking a writ of habeas corpus directing his release from the custody of OMH. According to Matter, his imprisonment was based on a miscalculated sentence and he therefore was not a lawfully detained sex offender within the meaning of Mental Hygiene Law § 10.03 (g) (1) and was not subject to the State's jurisdiction when the article 10 petition was filed. Supreme Court erred in granting the relief sought by Matter in both appeals. Even assuming, arguendo, that Matter's sentence was improperly calculated by DOCS, rendering his imprisonment unlawful at the time the article 10 proceeding was commenced, we conclude that the court erred in dismissing the petition in appeal No. 1 and in granting the petition in appeal No. 2. The Court of Appeals has

made it clear that, for the purposes of article 10, "[t]he legality of [a prisoner's] custody is irrelevant" (*People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126, 134 [2010], *rearg denied* 15 NY3d 847; *see People ex rel. Mental Hygiene Legal Serv. v Sawyer*, 78 AD3d 1653 [2010]). The Court of Appeals in *Joseph II.* held that prisoners were within the coverage of the statute, which was read as "applying to offenders actually imprisoned, even if the procedure that led to their imprisonment was flawed" (15 NY3d at 130). Thus, the Court specifically rejected the argument that "custody" implied "lawful custody" (*id.* at 133). The Court noted that article 10 can be applied "to those whose imprisonment resulted from a procedural error" (*id.* at 135).

We conclude that *Joseph II.* is dispositive of these appeals. *Joseph II.* renders Matter subject to the State's article 10 jurisdiction. Thus, his habeas corpus petition and motion to dismiss the article 10 proceeding should have been denied. Present— Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.