■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BOURLAYE T., Appellant, v WILLIAM J. CONNOLLY, Respondent. [989 NYS2d 347]—

In a proceeding pursuant to CPLR article 70 for a writ of habeas corpus, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Forman, J.), dated September 30, 2013, which, without a hearing, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was previously convicted of attempted murder in the second degree, rape in the first degree, sexual abuse in the first degree, burglary in the first degree, and attempted burglary in the second degree, and was sentenced to an aggregate indeterminate term of imprisonment of 12 to 36 years. During his period of imprisonment, a federal immigration judge issued an order directing his deportation from the United States. On or about the petitioner's conditional release date, he was placed in the custody of United States Immigration and Customs Enforcement (hereinafter ICE) for deportation. At the same time, he began serving a period of parole under the supervision of the New York State Department of Corrections and Community Supervision (hereinafter DOCCS), which period remains in effect until July 24, 2023.

According to the petitioner, because ICE was unable to secure necessary travel documents, he was not deported. Instead, after approximately nine months, ICE released the petitioner onto "immigration parole." A few days later, despite committing no crime and complying with all conditions of his state parole, state authorities allegedly arrested him and transported him back to a state correctional facility. In a letter dated December 28, 2012, responding to the petitioner's formal complaint, DOCCS stated that because he had been released for immediate deportation, DOCCS had not conducted the review process that it customarily performed prior to releasing a detained sex offender into the community.

On or about January 9, 2013, the office of the New York State Attorney General filed a petition for the civil management of the petitioner pursuant to Mental Hygiene Law article 10 (hereinafter the article 10 proceeding). On or about the same date, the petitioner filed the instant petition for a writ of habeas corpus. On January 29, 2013, following a hearing, the court in which the article 10 proceeding was pending issued an order (hereinafter the probable cause order) finding that there was probable cause to believe that the petitioner required confinement pending trial in the article 10 proceeding.

Thereafter, the respondent in the habeas corpus proceeding argued that any alleged illegality in the petitioner's detention at the time the proceeding was commenced had been rendered academic by the entry of the probable cause order in the article 10 proceeding. The Supreme Court agreed and, in the judgment appealed from, denied the habeas corpus petition and dismissed the proceeding. The petitioner appeals, and we affirm.

Even if the petitioner's detention were unlawful at the time the article 10 proceeding was commenced, the Supreme Court did not improperly deny the habeas corpus petition and dismiss the proceeding. As the respondent correctly contends, the probable cause order issued in the article 10 proceeding provided an independent basis for the confinement of the petitioner pending the outcome of that proceeding (*see* Mental Hygiene Law § 10.06 [k]; *People ex rel. David NN. v Hogan*, 53 AD3d 841, 844 [2008]). The petitioner's contention that the article 10 proceeding was "jurisdictionally flawed" because he did not meet the definition of a "detained sex offender" is without merit. Not only was the petitioner under parole supervision at the time the article 10 proceeding was commenced (*see* Mental Hygiene Law § 10.03 [g] [1]), he was actually imprisoned. In this regard, the Court of Appeals has made it clear that the statutory language of article 10 does not distinguish between lawfully and unlawfully detained sex offenders (*see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126, 134 [2010]; *see also Matter of State of New York v Matter*, 78 AD3d 1694 [2010]; *People ex rel. David NN. v Hogan*, 53 AD3d at 844). Finally, to the extent that the petitioner contends that the article 10 proceeding was flawed because he was not "nearing an anticipated release" (Mental Hygiene Law § 10.05 [b]), we note that this language relates solely to the timing of the notice that must be given to the Attorney General's office and the Office of Mental Health about an individual convicted of a sex offense and is not relevant to the jurisdictional issues raised by the petitioner (*see Matter of State of New York v Enrique T.*, 93

AD3d 158, 162 [2012]; *People ex rel. David NN. v Hogan*, 53 AD3d 841 [2008]; *see also Matter of State of New York v Calhoun*, 106 AD3d 1470, 1472 [2013]).

Thus, the Supreme Court properly denied the habeas corpus petition and dismissed the proceeding. Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.