■ In the Matter of State of New York, Appellant, v Anthony J., Respondent. [993 NYS2d 170]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Anthony J., an alleged sex offender requiring civil management, the State of New York appeals from an order of the Supreme Court, Kings County (Ozzi, J.), dated March 4, 2014, which granted Anthony J.'s motion to dismiss the petition and, in effect, dismissed the petition.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion to dismiss the petition is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings on the petition consistent herewith.

In July 2009, the respondent, Anthony J., was convicted of rape in the third degree, upon his plea of guilty. In August 2009, he was sentenced to a determinate term of imprisonment of $3^1/_2$ years and five years of postrelease supervision. On December 23, 2010, the respondent was conditionally released from prison and began serving the postrelease supervision component of his sentence. A portion of the determinate prison term was held in abeyance (*see* Penal Law § 70.45 [5] [a]).

In late 2011, the respondent was alleged to have violated certain conditions of his release, and, on January 11, 2012, he pleaded guilty to violating one of those conditions by failing to report to his parole officer (*see* Executive Law § 259-i [3] [f] [vi]). On January 12, 2012, an administrative law judge directed that he be reincarcerated for 12 months (*see* Penal Law § 70.45 [1]; Executive Law § 259-i [3] [f] [x] [D]).

In October 2012, while the respondent was still incarcerated, the Department of Corrections and Community Supervision (hereinafter DOCCS), in accordance with the requirements of Mental Hygiene Law § 10.05 (b), sent a notice to the Office of Mental Health and the Attorney General informing them that the respondent may be a "detained sex offender" nearing his anticipated release from incarceration (*see Matter of State of New York v Claude McC.*, 122 AD3d 65 [2d Dept 2014]). The respondent's release was anticipated to take place on December 21, 2012. On November 9, 2012, DOCCS notified the respondent, pursuant to Mental Hygiene Law § 10.05 (e), that he had been identified as a possible detained sex offender and that his case had been referred to a case review team to evaluate whether he required civil management upon his release from prison. Following a psychiatric examination of the respondent, the case review team concluded that he was a sex offender requiring civil management. On December 12, 2012, nine days

before the respondent's anticipated release, the State commenced this proceeding by filing a petition pursuant to the Sex Offender Management and Treatment Act (hereinafter SOMTA).

The respondent moved to dismiss the petition. He contended that, on the date the proceeding was commenced, he was not a "detained sex offender" as defined by Mental Hygiene Law § 10.03 (g). Specifically, he contended that, although he was undisputedly incarcerated on that date, his incarceration was for the violation of a condition of his postrelease supervision, rather than for a sex offense. Thus, inasmuch as he was not a "detained sex offender," his anticipated release on December 21, 2012, did not render him "a detained sex offender . . . nearing an anticipated release" under Mental Hygiene Law § 10.05 (b). Accordingly, the respondent contended, the court lacked subject matter jurisdiction, and would continue to lack subject matter jurisdiction until the approach of the respondent's earliest maximum expiration date of his postrelease supervision in February 2015. Only at that point would he be, within the statutory meaning, "a detained sex offender . . . nearing an anticipated release" from the postrelease supervision imposed for his conviction of rape in the third degree (Mental Hygiene Law § 10.05 [b]; *see* Mental Hygiene Law § 10.03 [g] [1]). In an order dated March 4, 2014, the Supreme Court granted the respondent's motion and, in effect, dismissed the petition. The State appeals.

As relevant here, a "detained sex offender" under SOMTA is a "person who is in the . . . custody . . . of an agency with jurisdiction, with respect to a sex offense . . . in that the person . . . stands convicted of a sex offense as defined in subdivision (p) of this section, *and is currently serving a sentence for . . . such offense*" (Mental Hygiene Law § 10.03 [g] [1] [emphasis added]; *see Matter of State of New York v Claude McC.*, 122 AD3d 65 [2014]). An "agency with jurisdiction" is defined as the "agency which, during the period in question, would be the agency responsible for supervising or releasing such person, and can include [DOCCS]" (Mental Hygiene Law § 10.03 [a]; *see Matter of State of New York v Claude McC.*, 122 AD3d at 70). Lastly, "release" includes, as relevant here, "release, conditional release or discharge from confinement" (Mental Hygiene Law § 10.03 [m]).

The sentence imposed on the respondent upon his conviction of rape in the third degree included both a determinate prison term component and a postrelease supervision component. At the point the respondent was returned to the custody of DOCCS

after violating a condition of postrelease supervision, he was serving the portion of the determinate prison term component of his sentence that had been held in abeyance when the respondent was first released from prison. Following the completion of what had remained of that determinate term of imprisonment (which occurred at some point during the 12 months of reincarceration), the respondent's continued imprisonment was credited to the remaining period of the postrelease supervision component of the sentence imposed on the rape conviction (Penal Law § 70.45 [5] [d] [iv]; Executive Law § 259-i [3] [f] [x]). In other words, when this SOMTA proceeding was commenced, the respondent was still serving his sentence on his conviction of rape in the third degree, and not, as he contends, an entirely new sentence based on a violation of postrelease supervision.

Accordingly, when the State initiated this civil management proceeding, the respondent, who was due to be released within only a few days, was "a detained sex offender . . . nearing an anticipated release" (Mental Hygiene Law § 10.05 [b]; *see* Mental Hygiene Law § 10.03 [g] [1]; *cf. People ex rel. Bourlaye T. v Connolly*, 119 AD3d 825, 826-827 [2014]). The Supreme Court therefore erred in concluding that it lacked subject matter jurisdiction over this proceeding, and it should have denied the respondent's motion to dismiss the petition (*cf. Matter of State of New York v Claude McC.*, 122 AD3d at 70). Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.