Matter of State of New York v Anthony J. (2018 NY Slip Op 06096)





Matter of State of New York v Anthony J.


2018 NY Slip Op 06096


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2016-08096
 (Index No. 545/13)

[*1]In the Matter of State of New York, respondent,
v
Anthony J. (Anonymous), appellant.


Richard M. Langone, Garden City, NY (Constantine Dellis on the brief), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Steven C. Wu and Matthew W. Grieco of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10, Anthony J. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), dated June 24, 2016. The order, upon a finding, made after a nonjury trial, that Anthony J. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that Anthony J. be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2012, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, known as the Sex Offender Management and Treatment Act (hereinafter SOMTA), for the civil management of the appellant. On a prior appeal, this Court, concluding that the appellant was a detained sex offender nearing an anticipated release (see Mental Hygiene Law § 10.05[b]), reversed an order dated March 2, 2014, which had granted the appellant's motion to dismiss the petition, and upon reversal, reinstated the petition and remitted the matter to the Supreme Court, Kings County, for further proceedings on the petition (see Matter of State of New York v Anthony J., 121 AD3d 697). Following a nonjury trial, the Supreme Court found that the appellant suffers from a mental abnormality as that term is defined in SOMTA. After a dispositional hearing, the court determined that the appellant is a dangerous sex offender requiring confinement and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
We agree with the Supreme Court's finding, by clear and convincing evidence, that the appellant's level of dangerousness requires confinement rather than strict and intense supervision (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Lionel W., 155 AD3d 749, 750; Matter of State of New York v Robert M., 133 AD3d 670, 672; Matter of State of New York v Steven L., 66 AD3d 788, 789-790; cf. Matter of State of New York v Michael M., 24 NY3d 649, 658-659).
The defendant's contention that his due process rights were violated by the [*2]commencement of this Mental Hygiene Law article 10 proceeding is without merit (see Matter of State of New York v David B., 156 AD3d 793, 794; cf. Matter of State of New York v Floyd Y., 22 NY3d 95, 104; see generally Kansas v Crane, 534 US 407; Kansas v Hendricks, 521 US 346; Addington v Texas, 441 US 418; Matter of State of New York v Donald DD., 24 NY3d 174, 189; Matter of State of New York v Daniel OO., 88 AD3d 212, 221).
MASTRO, J.P., DILLON, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court