■ In the Matter of MICHAEL M.J. MATHIE IV, Appellant, v ROBERT DENNISON, as Chair of the Board of Parole, Respondent. [834 NYS2d 373]—

Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 16, 2006 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

Petitioner commenced this proceeding by order to show cause issued on February 27, 2006, pursuant to which he was required to serve respondent and the Attorney General with the petition and any supporting affidavits on or before March 17, 2006. As a result of petitioner's transfer to a new correctional facility, petitioner did not receive the order to show cause until March 13, 2006. Realizing that he had only four days in which to serve respondent and the Attorney General, petitioner requested an amended order to show cause, which was issued on April 4, 2006 and required service on or before May 5, 2006. Before petitioner received the amended order to show cause, he served respondent and the Attorney General with the original order to show cause, verified petition and supporting papers, but these papers were not received until March 29, 2006. Thereafter, on April 19, 2006, respondent and the Attorney General timely received the signed amended order to show cause with multiple exhibits, but without a petition. Because the verified petition was not served with the amended order to show cause as required, respondent moved to dismiss the petition for lack of personal jurisdiction. Supreme Court granted respondent's motion and petitioner appeals.

Contrary to petitioner's contention, the amended order to show cause clearly stated that petitioner was required to serve said document with "the petition, exhibits and any supporting affidavits." Having failed to do so, petitioner did not comply with the service directives in the amended order to show cause (*see Matter of Frederick v Goord*, 20 AD3d 652, 653 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Arosena v Carpenter*, 19 AD3d 838 [2005]). In addition, petitioner has failed to show how "imprisonment presented obstacles beyond his control which prevented compliance" with the *amended* order to show cause (*Matter of Thomas v Selsky*, 34 AD3d 904, 904 [2006] [internal quotation marks and citation omitted]; *see Matter of Arce v Eagen*, 267 AD2d 520 [1999]). As such, Supreme Court properly dismissed the petition for lack of personal jurisdiction.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.