■ ATERES HASOFRIM, INC., Respondent, v JAMES F. KRALIK et al., Defendants, and GALAXY ASSETS CORP., Appellant. [911 NYS2d 648]—

In an action to recover damages for wrongful eviction, the defendant Galaxy Assets Corp. appeals from a judgment of the Supreme Court, Rockland County (Berliner, J.), entered October 16, 2007, which, upon an order of the same court dated August 7, 2007, denying its motion, made jointly with the defendant Alan Fattal, inter alia, to vacate its default in answering the complaint, is in favor of the plaintiff and against it in the principal sum of $586,455.96.

Ordered that the judgment is affirmed, with costs.

In order to vacate its default in answering the complaint, the defendant Galaxy Assets Corp. (hereinafter the appellant) was required to demonstrate a reasonable excuse for its failure to serve an answer and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Forward Door of N.Y., Inc. v Forlader*, 41 AD3d 535 [2007]; *Piton v Cribb*, 38 AD3d 741 [2007]; *Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). What constitutes a reasonable excuse lies within the trial court's discretion (*see Santiago v New York City Health & Hosps. Corp.*, 10 AD3d 393, 394 [2004]; *Roussodimou v Zafiriadis*, 238 AD2d 568, 569 [1997]; *Grutman v Southgate At Bar Harbor Home Owners' Assn.*, 207 AD2d 526, 527 [1994]).

Here, the record supports the Supreme Court's determination that the appellant failed to offer a reasonable excuse for its default. The excuse, that it believed it was being defended by attorneys that had handled an earlier related holdover proceeding, is unavailing in the absence of evidence that the attorneys

were ever actually retained for this matter, and where the evidence instead indicates that the attorneys had not been retained (*see Sobel v Village of Scarsdale*, 255 AD2d 500 [1998]). We therefore need not reach the issue of whether the appellant proffered a potentially meritorious defense to the action. Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.