■ In the Matter of STATE OF NEW YORK, Respondent, v LEON F., Appellant. [923 NYS2d 640]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Leon F., a sex offender allegedly requiring civil management, Leon F. appeals from an order of the Supreme Court, Kings County (Tomei, J.), dated December 16, 2009, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and a determination, after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order is affirmed, without costs or disbursements.

This appeal arises from a proceeding under article 10 of the Mental Hygiene Law, also known as the Sex Offender Management and Treatment Act (hereinafter SOMTA). In 1992, the appellant was convicted of sexual abuse in the first degree, upon his plea of guilty, in full satisfaction of charges which included rape, sexual abuse, assault, and robbery. He was paroled in October 1994, and subsequently violated parole. In December of 2001, while on parole in connection with a conviction for the criminal sale of a controlled substance, the appellant was convicted of attempted rape in the first degree upon his plea of guilty, based on an incident in which he forced himself upon the 68-year-old mother of his then-girlfriend. He was sentenced to 8 years of incarceration. While incarcerated, he was further convicted, in April 2003, of attempted rape in the first degree upon his plea of guilty, based on a rape that he had committed in July 1996.

In June 2008, as the appellant's release date approached, the Commissioner of the New York State Office of Mental Health appointed a case review team to conduct an evaluation (see Mental Hygiene Law § 10.05 [a], [d], [e]). Based on the case review team's report, the Attorney General filed the instant petition for civil management of the appellant pursuant to SOMTA.

The Supreme Court conducted a nonjury trial (see Mental Hygiene Law § 10.07 [a], [b]), after which it found that the appellant was a "detained sex offender" under SOMTA and that he suffers from a "mental abnormality" as that term is defined in SOMTA (see Mental Hygiene Law § 10.07 [d]; § 10.03 [g], [i]). The Supreme Court then conducted a dispositional hearing, after which it determined that the appellant was a dangerous

sexual offender requiring civil confinement and ordered such confinement (see Mental Hygiene Law § 10.07 [f]).

The appellant contends that the Supreme Court should have recused itself after learning of certain threats that he had allegedly made against the court, court personnel, and an assistant attorney general during the trial phase of this proceeding. This claim, however, is unpreserved for appellate review, as the appellant failed to make a motion or otherwise request that the Supreme Court recuse itself (see People v Stephenson, 45 AD3d 968, 969 [2007]; Matter of Caraballo v Colon, 9 AD3d 459, 459 [2004]; Matter of Karina U., 299 AD2d 772, 773 [2002]; Matter of Nunnery v Nunnery, 275 AD2d 986, 987 [2000]). In any event, the claim is without merit. Absent a legal disqualification under Judiciary Law § 14, a trial judge is the sole arbiter of the need for recusal, and the decision is a matter of discretion and personal conscience (see People v Moreno, 70 NY2d 403, 405 [1987]; Matter of O'Donnell v Goldenberg, 68 AD3d 1000 [2009]; Matter of Imre v Johnson, 54 AD3d 427, 427-428 [2008]; Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d 465, 466 [2006]). Here, a review of the record reveals no suggestion of any judicial bias that would warrant recusal, reversal, and a new trial (see Matter of O'Donnell v Goldenberg, 68 AD3d at 1000; Schwartzberg v Kingsbridge Hgts. Care Ctr., Inc., 28 AD3d at 466; Matter of Malinda V., 221 AD2d 549, 549 [1995]).

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Clarence D., 82 AD3d 776, 777 [2011]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; 6243 Jericho Realty Corp. v AutoZone, Inc., 71 AD3d 983, 984 [2010]).

Here, the trial evidence supports the Supreme Court's determination that the appellant suffers from a "[m]ental abnormality," which SOMTA defines as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]).

At trial, the State's expert, a psychiatrist, testified that the appellant suffers from, among other things, paraphilia NOS (not otherwise specified) and antisocial personality disorder. He detailed the appellant's specific pattern of deviant sexual arousal

and his inability to control his impulses. He testified that the appellant, because of his condition and the resulting symptoms, was predisposed to committing sexual offenses and had serious difficulty controlling such behavior. Under these circumstances, the Supreme Court's determination that the appellant suffers from a mental abnormality was warranted by the facts (*see* Mental Hygiene Law § 10.03 [i]; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]; *Matter of State of New York v Gierszewski*, 81 AD3d 1473 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126-1127 [2009]).

Finally, the Supreme Court properly determined, after the dispositional hearing, that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]). At that hearing, the State's expert testified that the appellant's deviant sexual interests, history of parole violations, indifference to rules, inability to self-regulate, and antisocial attitudes and behaviors made it likely that he would sexually reoffend. Although the appellant testified that he was enrolled in a sexual offender treatment program, the State presented credible evidence that the appellant had been removed from similar treatment programs on three previous occasions, once for poor behavior, once for possessing pornography, and once for repeatedly staring at a female corrections officer while putting his hand in his pants. Moreover, by making certain threats against the court and court personnel during the trial phase, the appellant demonstrated a continued inability to control his impulses, despite the fact that he had completed an anger management program while incarcerated. Under these circumstances, the Supreme Court properly determined that the appellant is a dangerous sex offender requiring civil confinement and properly directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Clarence D.*, 82 AD3d 776 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d at 1127). Dillon, J.P., Balkin, Eng and Roman, JJ., concur.