In the Matter of STATE OF NEW YORK, Respondent, v JEMAL M., Appellant. [937 NYS2d 618]—

The evidence was legally sufficient to support the jury's verdict since there was a valid line of reasoning by which the jury concluded that the appellant suffers from a mental abnormality, as that term is defined in Mental Hygiene Law § 10.03 (i) (*see Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *Matter of State of New York v Derrick B.*, 68 AD3d 1124, 1126 [2009]). Moreover, the verdict that the appellant suffered from a mental abnormality was supported by a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence (*see Matter of State of New York v Anonymous*, 82 AD3d at 1251; *Matter of State of New York v Andre L.*, 84 AD3d 1248, 1249-1250 [2011]).

Additionally, clear and convincing evidence supports the Supreme Court's determination that the abnormality from which the appellant suffers involves such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the appellant is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility (*see* Mental Hygiene Law § 10.07 [f]; *Matter of State of New York v Anonymous*, 82 AD3d at 1252). Accordingly, upon that finding, the Supreme Court properly determined that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.03 [e]; § 10.07 [f]; *Matter of State of New York v Anonymous*, 82 AD3d at 1252). Angiolillo, J.P., Florio, Chambers and Hall, JJ., concur.