In the Matter of STATE OF NEW YORK, Respondent, v ALFREDO M., Appellant. [947 NYS2d 594]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Alfredo M., a sex offender allegedly requiring civil management, Alfredo M. appeals from an order of the Supreme Court, Kings County (Dowling, J.), dated March 21, 2011, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the notice of appeal by Mental Hygiene Legal Service is deemed to be a notice of appeal by Alfredo M. (*see Matter of Tagliaferri v Weiler*, 1 NY3d 605 [2004]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The appellant is a recidivist sex offender, who has sexually abused numerous minors. The appellant was convicted of a sex offense stemming from an incident that took place on or about April 14, 1989, involving a 13-year-old adolescent boy. Subsequently, the appellant was convicted of a sex offense stemming from incidents that took place over the course of a three-month period in 1993, involving a 7-year-old prepubescent boy. The appellant was also convicted of a sex offense stemming from incidents that took place over the course of that three-month period, involving an 8-year-old prepubescent boy. Finally, the appellant was convicted of the subject sex offense, which stemmed from incidents that took place over the course of a six-

month period in 2004-2005, involving a 15-year-old adolescent boy.

In reviewing a finding made after a nonjury trial, the power of this Court is as broad as that of the trial court, and this Court may render the judgment that it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of State of New York v Andrew J.W.*, 85 AD3d 805, 806 [2011]; *Matter of State of New York v Leon F.*, 84 AD3d 1098, 1100 [2011]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 777 [2011]). The Supreme Court's finding that the appellant suffers from a "[m]ental abnormality," that is, "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03 [i]), is warranted by the facts. The psychologist who testified at the trial explained that she could not diagnose the appellant as suffering from "paraphilia not otherwise specified, pedophilia" because such a diagnosis can only be made if an individual's sexual activity focuses on prepubescent children over a period of at least six months. Here, she noted that the incidents involving the prepubescent boys occurred within a six-month period. However, she diagnosed the appellant as suffering from "paraphilia not otherwise specified, hebephilia," as such a diagnosis can be made if an individual's sexual activity focuses on adolescent children over a period of at least six months, and here, the incidents involving the adolescent boys occurred over a period of more than six months (*see Matter of State of New York v Spencer D.*, 96 AD3d 768 [2012]).

Furthermore, clear and convincing evidence supports the Supreme Court's determination that the appellant is a dangerous sex offender requiring confinement in a secure facility (*see* Mental Hygiene Law § 10.03 [e]; § 10.07 [f]; *Matter of State of New York v Jemal M.*, 91 AD3d 961, 962 [2012]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1252 [2011]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.