■ In the Matter of State of New York, Respondent, v Robert B., Appellant. [964 NYS2d 591]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Robert B., a sex offender allegedly requiring civil management, Robert B. appeals from an order of the Supreme Court, Westchester County (Cacace, J.), dated August 1, 2011, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is currently a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, known as the Sex Offender Management and Treatment Act, seeking the civil management of the appellant, who was convicted in 1984 of several crimes arising from violent sexual assaults and harassing phone calls that took place over a period of approximately two years. Following a nonjury trial, the Supreme Court found that the appellant suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). After a dispositional hearing, the Supreme Court also determined that the appellant is a dangerous sex offender requiring confinement.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses" (*Matter of State of New York v Clarence D.*, 82 AD3d 776, 777 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of State of New York v Leon F.*, 84 AD3d 1098, 1100 [2011]). Here, the Supreme Court's finding that the State established, by clear and convincing evidence, that the appellant suffers from a "mental abnormality," as that term is defined in Mental Hygiene Law § 10.03 (i), was warranted by the facts (*see Matter of State of New York v Spencer D.*, 96 AD3d 768, 771 [2012]; *Matter of State of New York v Andrew J.W.*, 85 AD3d 805, 807 [2011]; *Matter of State of New York v Leon F.*, 84 AD3d at 1100-1101; *Matter of State of New York v Clarence D.*, 82 AD3d at 777).

Furthermore, clear and convincing evidence supports the Supreme Court's determination that the appellant is a dangerous sex offender requiring confinement in a secure facility (*see Matter of State of New York v Alfredo M.*, 96 AD3d 1068, 1069 [2012]; *Matter of State of New York v Jemal M.*, 91 AD3d 961, 962 [2012]). Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.