McCarthy, J.
*938 Supreme Court (Hall Jr., J.) did not err in denying respondent’s motion to dismiss the petition for lack of personal jurisdiction. The court noted that counsel was timely served, and the petition was sent to the Department of Corrections and Community Supervision — which had custody of respondent at the time — for service before the deadline noted in the order to show cause, but respondent was not served until four days after that deadline. A petition must ordinarily be dismissed for lack of personal jurisdiction if the petitioner does not comply with the service directives in an order to show cause (see Matter of Sorli v Furchak, 51 NY2d 713, 714 [1980]; Matter of Mathie v Dennison, 39 AD3d 1059, 1060 [2007]). Here, the court acknowledged that petitioner did not comply with the order to show cause in that respondent was not served until four days after the date required by that order. Despite the defect in service, the court denied the motion to dismiss. Although the court did not fully articulate the legal basis for that determination, the court did explain some of the factors it considered. Some of those factors were that counsel was timely served, the order to show cause only gave petitioner one day to effect service, petitioner forwarded the papers to respondent’s custodian for service, respondent was apparently in a special housing unit in which he may not have been able to receive papers and he was served only four days after the deadline and prior to his prison release date. Additionally, respondent was apparently not prejudiced because counsel met with respondent prior to the probable cause hearing, and respondent had already received notice from petitioner that a proceeding was contemplated, along with the report that was an attachment to the petition and formed the basis for petitioner’s conclusion that he needed to be confined.
Petitioner asserts that a court can extend the deadline for service, pursuant to CPLR 306-b, “upon good cause shown or in the interest of justice.” The language of that statute, however, only permits such an extension if service is not made within the time period provided in that section (see CPLR 306-b). Thus, it does not permit an extension of the time for service provided in an order to show cause (see Matter of Burke v Bezio, 71 AD3d 1317, 1318 [2010]; Matter of Frederick v Goord, 20 AD3d 652, 653 [2005], lv denied 5 NY3d 712 [2005]; but see Matter of Jordan v City of New York, 38 AD3d 336, 339 [2007]; Matter of Stephens v New York State Exec. Bd. of Parole Appeals Unit, 297 AD2d 408, 410 [2002]).
*939 An extension was available under another statute, however. CPLR 2004 provides that “a court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed” (CPLR 2004 [emphasis added]). Although petitioner did not file a written motion for an extension of the time for service, petitioner did request that the original service be deemed sufficient. Treating that request as an application for an extension, and noting the factors relied upon by Supreme Court (Hall Jr., J.) as well as the meritorious nature of the petition, under CPLR 2004 it appears that good cause was shown for an extension of the time for service included in the order to show cause. Although it is unclear whether Supreme Court granted an extension on that basis, we grant such an extension and deem the petition timely served nunc pro tunc (see Clark v Carmen A.C. Corp., 2 AD2d 640, 640 [1956]).
We reject respondent’s contention that Supreme Court lacked jurisdiction based on petitioner’s failure to comply with the requirements for service of process on patients in mental health facilities (see 14 NYCRR 22.2). A prison does not fall within the definition of “facility” for such purposes (see 14 NYCRR 22.1 [a]; see also Correction Law §§ 401, 402; 14 NYCRR 527.8 [a] [8]). Thus, petitioner was not required to comply with the special service requirements for patients of facilities regulated by the Office of Mental Health.
Supreme Court (O’Connor, J.) did not err in denying respondent’s motion to withdraw his consent to a finding of mental abnormality and waiver of his right to a jury trial. Such consent is permitted by statute (see Mental Hygiene Law § 10.08 [f]). A waiver of the right to a jury trial, in a proceeding that may affect the party’s liberty interests, will be upheld if the court made an inquiry to establish that the waiving party understood the implications of such waiver and the waiver was knowingly, intelligently and voluntarily made (see People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]). Prior to the waiver and consent, respondent spent approximately an hour and a half speaking with two attorneys from the agency representing him. The discussion on the record between counsel, respondent and Supreme Court (Egan Jr., J.) indicates that his consent and waiver were knowing and intelligent. Respondent contends that he acted involuntarily, in that he was under duress from the court and counsel. Specifically, respondent contends that he chose to avoid a trial on the issue of mental abnormality because he feared for his personal safety at the *940 Albany County Correctional Facility, and the court was requiring him to stay there during the trial and would not agree to allow him to be transported back and forth from the mental health facility each day. The court, which refused to conduct the trial in absentia, felt that this housing arrangement was required by law {see Correction Law § 500-a [f]).
Counsel testified at the motion hearing that they discussed with respondent and advised him of his options: appear for the jury trial and be required to stay at the Albany County Correctional Facility during the pendency of that trial; refuse to appear and be held indefinitely pending a trial, with no right to annual status reviews as would be available after a final determination in the proceeding; request that the court place its housing order in writing and seek an interlocutory appeal; or waive the right to a jury trial and consent to a finding of mental abnormality. Both attorneys testified that it was respondent who raised the possibility of waiver and consent, and counsel advised against it because they had an expert who would testify that respondent did not suffer from a mental abnormality.
At the time of the waiver, and later at the time of the hearing on the motion, respondent did not explain the reasons why he feared for his safety at the local jail. In fact, he testified that he had fabricated his 2004 crime in an effort to be housed at that jail because he knew that the staff there would take care of his special medical and nutritional needs. Respondent’s generalized allegations that he was beaten in state prisons were not sufficient to show that he reasonably feared placement in the local jail for approximately one week during the trial. Respondent conferred with counsel, was aware of his options, and made a tactical decision to forgo the right to a trial on the issue of mental abnormality to avoid having to stay at the Albany County Correctional Facility. His displeasure with the housing arrangements during trial, which Supreme Court found were required by statute {see Correction Law § 500-a [f]), was not enough to constitute duress — i.e., a wrongful threat that deprived him of his ability to exercise his own free will — so as to render his consent or waiver involuntary (see Desantis v Ariens Co., 17 AD3d 311, 311 [2005]; Matter of Stearns v Stearns, 11 AD3d 746, 748 [2004]; see also People v Saunders, 19 AD3d 744, 745 [2005], lv denied 5 NY3d 832 [2005]; People v Miller, 217 AD2d 810, 811 [1995], lv denied 86 NY2d 798 [1995]). Accordingly, the court properly denied his motion to withdraw the consent and waiver.
Lahtinen, J.P., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.