■ In the Matter of State of New York, Respondent, v Abdul A., Appellant. [999 NYS2d 501]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Abdul A., an alleged sex offender requiring civil management, Abdul A. appeals from an order of the Supreme Court, Nassau County (Delligatti, J.), entered September 30, 2013, which, upon a finding, made after a jury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, known as the Sex Offender Management and Treatment Act, seeking the civil management of the appellant, who was convicted of a sex crime. Following a jury trial, the jury found that the appellant suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). In addition, after a dispositional hearing, the Supreme Court determined that the appellant is a dangerous sex offender requiring civil confinement.

The appellant's contention that this proceeding was "jurisdictionally flawed" because he did not meet the definition of a detained sex offender is without merit. The appellant was incarcerated upon his conviction of attempted sodomy in the first degree pursuant to Penal Law § 110.00 and former Penal Law § 130.50 at the time that this proceeding was commenced (*see* Mental Hygiene Law § 10.03 [g] [1]). The Court of Appeals has made it clear that the statutory language of Mental Hygiene

Law article 10 does not distinguish between lawfully and unlawfully detained sex offenders (*see People ex rel. Joseph II. v Superintendent of Southport Correctional Facility*, 15 NY3d 126, 133-134 [2010]; *People ex rel. Bourlaye T. v Connolly*, 119 AD3d 825, 826 [2014]; *Matter of State of New York v Matter*, 78 AD3d 1694, 1694-1695 [2010]; *People ex rel. David NN. v Hogan*, 53 AD3d 841, 844 [2008]).

Contrary to the appellant's contention, the Supreme Court did not err in denying his challenge, for cause, to a prospective juror (*see* CPL 270.20 [1] [b]; Mental Hygiene Law § 10.07 [b]; *Matter of State of New York v Anonymous*, 82 AD3d 1250, 1251 [2011]; *People v Harris*, 247 AD2d 630, 631-632 [1998]; *People v Davis*, 221 AD2d 653 [1995]; *cf. People v Rose*, 73 AD3d 1091, 1092 [2010]; *People v Grant*, 297 AD2d 687, 688 [2002]; *People v Light*, 260 AD2d 404, 405-406 [1999]).

Expert witnesses may introduce hearsay evidence to explain the basis of their opinions at an article 10 trial if the proponent demonstrates through evidence that the hearsay is reliable, and if the court determines that the probative value in helping the jury evaluate the expert's opinion substantially outweighs its prejudicial effect (*see Matter of State of New York v Charada T.*, 23 NY3d 355, 361-362 [2014]; *Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109 [2013]). Applying that standard here, we find that the Supreme Court improperly allowed the State's expert witness to testify that someone at the Manhattan Psychiatric Center had diagnosed the appellant with pedophilia. However, the error was harmless because, notwithstanding the hearsay testimony, "the jury had sufficient admissible evidence before it upon which to find that [the appellant] suffers from a mental abnormality, and there is 'no reasonable possibility' that, had this testimony been excluded, the jury would have reached a different verdict" (*Matter of State of New York v Charada T.*, 23 NY3d at 362, quoting *Matter of State of New York v John S.*, 23 NY3d 326, 348 [2014]).

In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial or hearing judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Matter of State of New York v Robert B.*, 106 AD3d 828, 828 [2013]; *Matter of State of New York v Leon F.*, 84 AD3d 1098, 1100 [2011]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 777 [2011]). A "dangerous sex offender requiring confinement"

is defined under Mental Hygiene Law article 10 as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). The State must establish by clear and convincing evidence that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]). Here, clear and convincing evidence supports the Supreme Court's determination after the dispositional hearing that the appellant is a dangerous sex offender requiring civil confinement in a secure facility (*see Matter of State of New York v Robert B.*, 106 AD3d at 828-829; *Matter of State of New York v Alfredo M.*, 96 AD3d 1068, 1069 [2012]; *Matter of State of New York v Jemal M.*, 91 AD3d 961, 962 [2012]).

The appellant's remaining contention is without merit. Rivera, J.P., Leventhal, Chambers and Sgroi, JJ., concur.