■ In the Matter of STATE OF NEW YORK, Respondent, v CLYDE J., Appellant. [35 NYS3d 708]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Clyde J., a sex offender allegedly requiring civil management, Clyde J. appeals from an order of the Supreme Court, Queens County (Latella, J.), dated March 26, 2014, which, upon his waiver of a trial and admission that he suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and upon a determination, made after a dispositional hearing, that he currently is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Ordered that the order is affirmed, without costs or disbursements.

The State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10, known as the Sex Offender Management and Treatment Act, seeking the civil management of the appellant, an individual who was convicted of several sex offenses as defined by Mental Hygiene Law article 10 (see Mental Hygiene Law § 10.03 [p]).

The appellant did not preserve for appellate review his challenge to his waiver of the right to a trial as to the issue of whether he suffered from a "mental abnormality" as defined by Mental Hygiene Law article 10 (see Matter of State of New York v Reeve, 87 AD3d 1378 [2011]; see also People v Hakim, 281 AD2d 559 [2001]; People v Magnano, 158 AD2d 979 [1990], affd 77 NY2d 941 [1991]). In any event, the contention is without merit. A person who is the subject of a Mental Hygiene Law article 10 petition may validly waive a trial as to the existence of a "mental abnormality" where an on-the-record colloquy shows that the person made a knowing and voluntary waiver of such right, after an opportunity for consultation with his or her attorney (see Mental Hygiene Law §§ 10.07 [b]; 10.08 [f]; see also Matter of State of New York v Ted B., 132 AD3d 28, 37-38 [2015]; Matter of State of New York v Robert C., 113 AD3d 937, 939-940 [2014]). Here, the record contains an on-the-record colloquy conducted on October 29, 2013, during which the appellant acknowledged that he had an opportunity to consult with his attorney as to the waiver, and in which he knowingly

and voluntarily waived his right to a trial (*see Matter of State of New York v Ted B.*, 132 AD3d at 37-38; *Matter of State of New York v Robert C.*, 113 AD3d at 939-940).

The Supreme Court determined after the dispositional hearing that the appellant is a dangerous sex offender requiring civil confinement (*see* Mental Hygiene Law § 10.07 [f]). In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial or hearing judge had the advantage of seeing and hearing the witnesses (*see Matter of State of New York v Robert B.*, 106 AD3d 828, 828 [2013]; *Matter of State of New York v Leon F.*, 84 AD3d 1098, 1100 [2011]; *Matter of State of New York v Clarence D.*, 82 AD3d 776, 777 [2011]). A "dangerous sex offender requiring confinement" is defined under Mental Hygiene Law article 10 as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03 [e]). The State must establish by clear and convincing evidence that the appellant is a dangerous sex offender requiring confinement (*see* Mental Hygiene Law § 10.07 [f]).

Here, the State established by clear and convincing evidence that the appellant is a dangerous sex offender requiring civil confinement in a secure facility, as the Supreme Court determined (*see Matter of State of New York v Abdul A.*, 123 AD3d 1047, 1048-1049 [2014]; *Matter of State of New York v Robert B.*, 106 AD3d at 828-829; *Matter of State of New York v Alfredo M.*, 96 AD3d 1068, 1069 [2012]; *Matter of State of New York v Jemal M.*, 91 AD3d 961, 962 [2012]; *Matter of State of New York v Leon F.*, 84 AD3d at 1101). With respect to the dispositional hearing, the appellant failed to preserve for appellate review his challenge to the introduction of purported hearsay evidence (*see Matter of State of New York v Nervina*, 120 AD3d 941, 942 [2014], *affd* 27 NY3d 718 [July 5, 2016]; *see also Matter of State of New York v Ruben M.*, 137 AD3d 1047, 1048 [2016]; *Matter of State of New York v High*, 83 AD3d 1403 [2011]). In any event, even apart from the challenged testimony, there was overwhelming evidence showing that the appellant is a dangerous sex offender requiring civil confinement (*see Matter of State of New York v Abdul A.*, 123 AD3d at 1048-1049; *Matter of State of New York v Leon F.*, 84 AD3d at 1101). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.