■ In the Matter of STATE OF NEW YORK, Respondent, v JESUS M., Appellant. [48 NYS3d 254]—

In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Jesus M., a sex offender allegedly requiring civil management, Jesus M. appeals from an order of the Supreme Court, Kings County (Ozzi, J.), dated October 29, 2014, which, upon a finding, made after a nonjury trial, that he suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and, upon a determination, made after a dispositional hearing pursuant to Mental Hygiene Law § 10.07 (f), that he is currently a dangerous sex offender requiring civil confinement, granted the petition and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

Motion by the respondent to enlarge the record on the appeal from the order dated October 29, 2014, to include a one-page printout of emails dated September 19, 2013, and September 23, 2013, which is annexed to the motion papers as part of Exhibit B. By decision and order on motion of this Court dated May 6, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied; and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, the finding of mental abnormality is set aside, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of mental abnormality and, if necessary, a new dispositional hearing.

In 1991, the appellant was convicted of rape in the third degree (three counts), aggravated sexual abuse in the first degree (two counts), criminal sexual act in the third degree (two counts), incest (six counts), assault in the second degree, and endangering the welfare of a child, and sentenced to various terms of imprisonment. The conviction related to acts the appellant committed against his daughter during a five-year period. In 2011, the State of New York commenced this proceed-

ing pursuant to Mental Hygiene Law article 10 for the civil management of the appellant (*see* Mental Hygiene Law § 10.06). After a nonjury trial, the Supreme Court found that the appellant suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03 (i), and, upon a determination, made after a dispositional hearing pursuant to Mental Hygiene Law § 10.07 (f), that he is currently a dangerous sex offender requiring civil confinement, granted the petition, and directed that he be committed to a secure treatment facility for care, treatment, and control until such time as he no longer requires confinement.

On appeal, the appellant contends that he did not waive his right to a jury trial. The State moves to enlarge the record on appeal to include emails from the appellant's trial counsel which, the State contends, demonstrate that the appellant validly waived his right to a jury trial. However, in *Matter of State of New York v Ted B.* (132 AD3d 28 [2015]), we held that a respondent in a Mental Hygiene article 10 proceeding may validly waive the right to a jury trial only where an on-the-record colloquy shows that the respondent made a knowing and voluntary waiver of such right, after an opportunity for consultation with his or her attorney. As an alternative to a personal appearance in court, a respondent may participate in such a colloquy via video conferencing (*see id.* at 36; *Matter of State of New York v Robert C.*, 113 AD3d 937 [2014]). While the State urges us to find a valid waiver based on emails from the appellant's trial counsel, such off-the-record communications, regardless of content, are insufficient to ensure that a respondent's decision to "forgo his [or her] state constitutional and statutory right to a jury trial is the product of an informed and intelligent judgment and, thereby, 'protect the important liberty interests at stake in article 10 proceedings' " (*Matter of State of New York v Ted B.*, 132 AD3d at 37, quoting *Matter of State of New York v Floyd Y.*, 22 NY3d 95, 106 [2013]). Accordingly, we deny the State's motion to enlarge the record. Since no on-the-record colloquy was conducted in this case, we cannot conclude that the appellant knowingly and voluntarily waived his right to a jury trial. We therefore reverse the order appealed from, and remit the matter to the Supreme Court, Kings County, for a new trial on the issue of mental abnormality and, if necessary, a new dispositional hearing. Mastro, J.P., Cohen, Connolly and Brathwaite Nelson, JJ., concur.