Matter of State of New York v Gary C. (2019 NY Slip Op 01420)





Matter of State of New York v Gary C.


2019 NY Slip Op 01420


Decided on February 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-10154
 (Index No. 855/16)

[*1]In the Matter of State of New York, respondent,
v
Gary C. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Seth M. Rokosky of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Gary C., a sex offender allegedly requiring civil management, Gary C. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), entered August 1, 2017. The order, upon a finding, entered on consent, that Gary C. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
In 2011, the appellant pleaded guilty to course of sexual conduct against a child in the second degree and was sentenced to a term of imprisonment. In 2015, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of the appellant. The appellant consented to a finding that he suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the Supreme Court determined that the appellant was a dangerous sex offender requiring civil confinement. The court, in effect, granted the petition and directed that the appellant be committed to a secure treatment facility until such time as he no longer requires confinement.
"In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Abdul A., 123 AD3d 1047, 1048; see Matter of State of New York v Claude McC., 163 AD3d 686). A "dangerous sex offender requiring confinement" is defined under Mental Hygiene Law article 10 as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03[e]). "The State must establish by clear and convincing [*2]evidence that the appellant is a dangerous sex offender requiring confinement" (Matter of State of New York v Clyde J., 141 AD3d 723, 724; see Mental Hygiene Law § 10.07[f]). Here, contrary to the appellant's contention, clear and convincing evidence supports the Supreme Court's determination that he is a dangerous sex offender requiring confinement in a secure facility (see Matter of State of New York v Clyde J., 141 AD3d at 724; Matter of State of New York v Abdul A., 123 AD3d at 1049; Matter of State of New York v Robert B., 106 AD3d 828, 829; see also Matter of State of New York v Lionel W., 155 AD3d 749, 750; Matter of State of New York v Larry B., 113 AD3d 865, 867).
The appellant's remaining contentions are without merit.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court