Matter of State of New York v James N. (2019 NY Slip Op 02709)





Matter of State of New York v James N.


2019 NY Slip Op 02709


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-01166
 (Index No. 471/14)

[*1]In the Matter of State of New York, respondent,
v
James N. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Michael E. Recco, Lisa Volpe, Timothy M. Riselvato, and Dennis B. Feld of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta, Andrew W. Amend, and Philip V. Tisne of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of James N., a sex offender allegedly requiring civil management, James N. appeals from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated October 11, 2016. The order, upon a finding, made after a nonjury trial, that James N. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility for care and treatment.
ORDERED that the order is affirmed, without costs or disbursements.
On April 2, 2009, James N. was convicted of rape in the third degree (Penal Law § 130.25[2]) arising from incidents that occurred between July 1, 2007, and August 15, 2007, when James N., then 30 years old, engaged in sexual intercourse with a 16-year-old female. James N. was previously convicted of sodomy in the second degree in May 1999, relating to an October 1998 incident wherein James N. pulled down the pants of a 12-year-old male and placed his mouth on the male's penis. In June 1999, while incarcerated for that offense, James N. was arrested for engaging in sexual contact with a 16-year-old inmate, and he was later convicted of sexual abuse in the third degree.
On July 9, 2014, the State of New York commenced this Mental Hygiene Law article 10 proceeding seeking civil management of James N. Following a nonjury trial on the issue of mental abnormality, the Supreme Court found that the State had proven by clear and convincing evidence that James N. suffered from a mental abnormality as defined in Mental Hygiene Law § 10.03(i). After a dispositional hearing, the court held, in an order dated October 7, 2016, that the State established by clear and convincing evidence that James N. had a mental abnormality involving such a strong predisposition to commit sex offenses and an inability to control his behavior that he was likely to be a danger to others and commit sex offenses if not confined. In an order dated October 11, 2016, the court directed that James N. be committed to a secure treatment facility to receive care and treatment. James N. appeals.
A mental abnormality is defined as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (Mental Hygiene Law § 10.03[i]; see Matter of State of New York v Donald DD., 24 NY3d 174, 187). "Thus, not only must the State establish by clear and convincing evidence the existence of a predicate condition, disease or disorder,' it must also link that condition, disease or disorder' to a person's predisposition to commit conduct constituting a sex offense [as defined under Mental Hygiene Law article 10] and to that person's serious difficulty in controlling such conduct'" (Matter of State of New York v Dennis K., 27 NY3d 718, 726).
We agree with the Supreme Court's finding that the State demonstrated that James N. suffered from pedophilic disorder and intellectual development disorder, and that his condition predisposed him to commit sex offenses as defined under Mental Hygiene Law article 10. Furthermore, we agree with the court's conclusion that those disorders caused him serious difficulty in controlling conduct constituting a sex offense. This evidence included the State's expert's opinion that James N.'s chronic intellectual deficits caused him to have serious difficulty in controlling his conduct. The interaction of the pedophilic disorder and James N.'s chronic deficits in intellectual functioning, in addition to his history of violations while under supervision, his admitted inability to control his sexual urges in the past, his failure to make any gains in sex offender treatment, his parole violations, and his disciplinary infractions while incarcerated all support the court's finding. Although James N.'s expert witness disagreed with some of these conclusions, the court's determination to credit the testimony of the State's expert witnesses instead of the testimony of James N.'s expert witness is supported by the record, and we find no basis to disturb it (see Matter of State v Claude McC., 163 AD3d 686, 687; Matter of State of New York v Kerry K., 157 AD3d 172, 185).
To the extent the Supreme Court should have conducted a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) to resolve the question of whether the diagnosis of "other specified paraphilic disorder" (hereinafter OSPD) has achieved general acceptance in the psychiatric and psychological communities so as to make expert testimony on that diagnosis admissible, we find such error to be harmless. The court had sufficient evidence before it, without consideration of the testimony relating to the OSPD diagnosis, to reach its result that James N. suffered from a mental abnormality, and there was " no reasonable possibility' that, had this testimony been excluded, the [trier of fact] would have reached a different verdict" (Matter of State of New York v Charada T., 23 NY3d 355, 362, quoting Matter of State of New York v John S., 23 NY3d 326, 348; see Matter of State v Abdul A., 123 AD3d 1047, 1048; Matter of State v Mark S., 87 AD3d 73, 79).
Furthermore, we agree with the Supreme Court's finding, after the dispositional hearing, by clear and convincing evidence, that James N.'s level of dangerousness requires confinement (see Mental Hygiene Law § 10.07[f]; Matter of State of New York v Roderick L., 163 AD3d 826, 828).
MASTRO, J.P., COHEN, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court