Matter of State of New York v Leslie L. (2019 NY Slip Op 05452)





Matter of State of New York v Leslie L.


2019 NY Slip Op 05452


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


328 CA 18-00724

[*1]IN THE MATTER OF THE APPLICATION OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
LESLIE L., RESPONDENT-APPELLANT, FOR CIVIL MANAGEMENT PURSUANT TO ARTICLE 10 OF THE MENTAL HYGIENE LAW. 






VAHEY MULDOON RESTON GETZ LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENT-APPELLANT. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Orleans County (James P. Punch, A.J.), entered July 26, 2017 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order pursuant to Mental Hygiene Law article 10 determining, following a nonjury trial, that he is a dangerous sex offender requiring confinement (see § 10.03 [e]) and committing him to a secure treatment facility. We affirm.
We reject respondent's contention that he was denied effective assistance of counsel. Respondent was entitled to meaningful representation in the context of the Mental Hygiene Law article 10 proceeding (see Matter of State of New York v Campany, 77 AD3d 92, 93, 98-99 [4th Dept 2010], lv denied 15 NY3d 713 [2010]), but it is his burden on appeal to demonstrate the absence of strategic or other legitimate explanations for his attorney's alleged deficiencies (see Matter of State of New York v Carter, 100 AD3d 1438, 1439 [4th Dept 2012]; see also People v Caban, 5 NY3d 143, 154 [2005]). Respondent has failed to meet that burden here.
We note, in particular, that respondent asserts that his attorney was ineffective for failing to move to replace the psychiatric examiner appointed by Supreme Court when it became clear that there would be a delay of many months before the psychiatric examiner would issue his written findings (see generally Mental Hygiene Law § 10.06 [e]). We conclude, however, that permitting the delay could have been a strategic decision on the part of respondent's attorney. At the time of the proceeding herein, respondent was a nearly 72-year-old pedophilic sex offender who had committed multiple sex offenses over the course of his lifetime and had never successfully completed sex offender treatment. Indeed, the record establishes that respondent was expelled twice from sex offender treatment while he was incarcerated. The delay in the issuance of the written findings of the court-appointed psychiatric examiner afforded respondent an opportunity to make progress in sex offender treatment at the mental health facility where he was temporarily residing while this matter was pending. Had respondent successfully completed sex offender treatment, or made progress therein, during the disputed period, respondent's attorney would have had a better chance of persuading the court in the disposition phase of the proceedings that respondent should not be confined to a secure treatment facility, but instead should be released to the community under a regimen of strict and intensive supervision and treatment ([SIST]; see § 10.07 [f]). Given "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation" (People v Baldi, 54 [*2]NY2d 137, 147 [1981]; see Campany, 77 AD3d at 100), we conclude that respondent received meaningful representation.
Respondent failed to preserve for our review his further contention that he did not validly waive his right to a jury trial on the issue whether he suffers from a mental abnormality as defined by Mental Hygiene Law article 10 (see Matter of State of New York v Clyde J., 141 AD3d 723, 723 [2d Dept 2016], lv denied 28 NY3d 907 [2016]; cf. Matter of State of New York v Robert C., 113 AD3d 937, 939-940 [3d Dept 2014]; see generally Matter of State of New York v Reeve, 87 AD3d 1378, 1378 [4th Dept 2011], lv denied 18 NY3d 804 [2012]). In any event, respondent's contention is without merit. The record establishes that the court conducted an on-the-record colloquy with respondent to determine that respondent, after an opportunity for consultation with counsel, was knowingly and voluntarily waiving his right to a jury trial on the issue of mental abnormality (see Clyde J., 141 AD3d at 723-724; Matter of State of New York v Ted B., 132 AD3d 28, 37 [2d Dept 2015]; see also §§ 10.07 [b]; 10.08 [f]).
Finally, we reject respondent's contention that the court's determination that he is a dangerous sex offender requiring confinement is against the weight of the evidence (see Matter of State of New York v Nathaniel W., 166 AD3d 1523, 1524 [4th Dept 2018], lv dismissed 33 NY3d 1010 [2019]). All of the experts who evaluated respondent's case opined that respondent could not safely be managed in the community under a regimen of SIST (see Mental Hygiene Law
§ 10.07 [f]), and we see no reason to disturb the court's decision to credit the opinions of those experts (see Matter of State of New York v Parrott, 125 AD3d 1438, 1439 [4th Dept 2015], lv denied 25 NY3d 911 [2015]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court