Matter of State of New York v Daniel J. (2020 NY Slip Op 00951)





Matter of State of New York v Daniel J.


2020 NY Slip Op 00951


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND TROUTMAN, JJ.


565 CA 18-00009

[*1]IN THE MATTER OF STATE OF NEW YORK, PETITIONER-RESPONDENT,
v
DANIEL J., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 






PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered November 21, 2017 in a proceeding pursuant to Mental Hygiene Law article 10. The order, among other things, committed respondent to a secure treatment facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In appeal No. 1, respondent appeals from an order pursuant to Mental Hygiene Law article 10 in which Supreme Court determined, upon respondent's admission, that he has a mental abnormality that predisposes him to commit sex offenses (see § 10.03 [i]) and, after a dispositional hearing, directed that he be committed to a secure treatment facility. In appeal No. 2, respondent appeals from an order of the same court that denied his pro se motion pursuant to CPLR 4404 and 5015 for judgment as a matter of law.
Initially, we note that the appeal from the final order in appeal No. 1 brings up for review the propriety of the order in appeal No. 2 insofar as it denied that part of respondent's motion pursuant to CPLR 4404 (see CPLR 5501 [a]; see generally Matter of White v Byrd-McGuire, 163 AD3d 1413, 1413-1414 [4th Dept 2018]). We further note that, inasmuch as respondent has not raised on appeal any issues with respect to the denial of that part of his motion pursuant to CPLR 5015, he has abandoned any contentions with respect thereto. We therefore dismiss the appeal from the order in appeal No. 2 (see generally CPLR 5501 [a]; White, 163 AD3d at 1413-1414; Abasciano v Dandrea, 83 AD3d 1542, 1545 [4th Dept 2011]).
Respondent's contention regarding the sufficiency of the evidence presented at the probable cause hearing is not properly before us because no appeal lies from the order finding probable cause (see Matter of State of New York v Stein, 85 AD3d 1646, 1648 [4th Dept 2011], affd 20 NY3d 99 [2012], cert denied 568 US 1216 [2013]). Additionally, respondent waived his contention that a delay in holding the probable cause hearing violated his due process rights; respondent consented to that delay, which arose from his request for a change of venue (see Mental Hygiene Law § 10.06 [g]).
Respondent failed to preserve for our review his contention that he was denied due process because a jury trial was not held within 60 days of the probable cause hearing (see Matter of State of New York v Trombley, 98 AD3d 1300, 1302 [4th Dept 2012], lv denied 20 NY3d 856 [2013]).
We also reject respondent's contention that the court erred in denying his request to withdraw his waiver of the right to a jury trial on the issue whether he suffered from a mental [*2]abnormality as defined by Mental Hygiene Law article 10 (see Matter of State of New York v Clyde J., 141 AD3d 723, 723 [2d Dept 2016], lv denied 28 NY3d 907 [2016]). The record establishes that the court conducted an
on-the-record colloquy with respondent to determine that respondent, after an opportunity to consult with his attorney, was knowingly and voluntarily waiving his right to a jury trial (see Matter of State of New York v Leslie L., 174 AD3d 1326, 1328 [4th Dept 2019], lv denied 34 NY3d 903 [2019]; Clyde J., 141 AD3d at 723-724). Contrary to respondent's contention, the court's colloquy did not suggest that there was a predetermined outcome on the issue of mental abnormality, and indeed the court explained respondent's right to challenge that issue before a jury. We reject respondent's further contention that the court improperly induced him to waive his right to a jury trial and admit to a mental abnormality by denying his request for an adjournment for the purpose of obtaining an evaluation by a second expert. Although the Mental Hygiene Law allows a respondent to be examined by a psychiatric examiner of his or her choice, the statute does not contemplate serial examinations (see § 10.06 [e]) and, in any event, the court did not abuse its discretion in denying respondent's request for an adjournment on the eve of trial to secure an additional opinion (see generally People v Maynard, 30 AD3d 317, 318 [1st Dept 2006], lv denied 7 NY3d 815 [2006]; People v Palmer, 278 AD2d 821, 822 [4th Dept 2000], lv denied 96 NY2d 786 [2001]). We also reject respondent's contention that the court failed to conduct a sufficient inquiry into his alleged issues with counsel prior to accepting his waiver of the right to a jury trial. Under the circumstances presented here, respondent's assertions that he and his attorney disagreed on strategy and that his attorney had not spoken to him often enough were "insufficient to require any inquiry by the court" (People v Barnes, 156 AD3d 1417, 1418 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]). We likewise reject respondent's contention that the court improperly denied his request to withdraw his waiver based on the allegedly ineffective assistance provided by counsel in connection with the waiver and admission to a mental abnormality. The record does not support respondent's contention that counsel was unprepared; rather, counsel properly presented multiple arguments through pretrial motions, and respondent failed to "demonstrate the absence of strategic or other legitimate explanations" for counsel's decision not to present additional pretrial motions (Matter of State of New York v Carter, 100 AD3d 1438, 1439 [4th Dept 2012] [internal quotation marks omitted]).
We agree with respondent that the court erred in admitting in evidence during the dispositional hearing certain hearsay testimony regarding uncharged conduct with respect to which respondent did not admit his guilt (see Matter of State of New York v John S., 23 NY3d 326, 343 [2014], rearg denied 24 NY3d 933 [2014]; Matter of State of New York v Floyd Y., 22 NY3d 95, 109 [2013]). Nonetheless, we conclude that the error was harmless because "[t]he State's case against respondent rested primarily on admissible evidence; particularly, expert basis testimony about [crimes for which respondent was convicted or to which he admitted] . . . , and his refusal to participate in sex offender treatment while in prison" (John S., 23 NY3d at 348; see Matter of State of New York v Charada T., 23 NY3d 355, 362 [2014]; Matter of State of New York v Fox, 79 AD3d 1782, 1784 [4th Dept 2010]).
We reject respondent's further contention that petitioner failed to prove by clear and convincing evidence that he is a dangerous sex offender requiring confinement. The court's determination following the dispositional phase of the proceedings is supported by the written opinions and testimony of two experts (see Matter of State of New York v Pierce, 79 AD3d 1779, 1781-1782 [4th Dept 2010], lv denied 16 NY3d 712 [2011]).
For the reasons stated above with respect to respondent's challenge to the propriety of his admission to a mental abnormality, we likewise reject respondent's contention that the court erred in denying that part of his motion pursuant to CPLR 4404.
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court