Matter of State of New York v Richard J. (2020 NY Slip Op 04396)





Matter of State of New York v Richard J.


2020 NY Slip Op 04396


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2018-12821
 (Index No. 777/16)

[*1]In the Matter of State of New York, respondent,
v
Richard J. (Anonymous), appellant.


Mental Hygiene Legal Service, Garden City, NY (Michael D. Neville, Dennis B. Feld, Lisa Volpe, and Michael E. Recco of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Philip J. Levitz of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Richard J., a sex offender allegedly requiring civil management, Richard J. appeals from an order of the Supreme Court, Kings County (Dineen Ann Riviezzo, J.), entered September 17, 2018. The order, upon a finding, entered on consent, that Richard J. suffers from a mental abnormality as defined in Mental Hygiene Law § 10.03(i), and upon a determination, made after a dispositional hearing, that he is a dangerous sex offender requiring civil confinement, in effect, granted the petition and directed that he be committed to a secure treatment facility until such time as he no longer requires confinement.
ORDERED that the order is affirmed, without costs or disbursements.
On April 28, 2014, Richard J. was convicted of rape in the third degree arising from an incident in which he engaged in sexual intercourse with his 17-year-old stepdaughter. Richard J. had previously pleaded guilty in 1983 to sexual abuse in the second degree, involving sexual contact with a person less than 14 years old, and in 2005, to attempted course of sexual conduct against a child in the first degree. In 2016, the State of New York commenced this proceeding pursuant to Mental Hygiene Law article 10 for the civil management of Richard J. Richard J. consented to a finding that he suffers from a mental abnormality within the meaning of Mental Hygiene Law § 10.03(i). Following a dispositional hearing, the Supreme Court determined that Richard J. was a dangerous sex offender requiring civil confinement. The court, in effect, granted the petition and directed that Richard J. be committed to a secure treatment facility until such time as he no longer requires confinement.
"In reviewing a determination made after a nonjury trial or hearing, the power of the Appellate Division is as broad as that of the trial or hearing court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case, the trial or hearing judge had the advantage of seeing and hearing the witnesses" (Matter of State of New York v Abdul A., 123 AD3d 1047; see Matter of State of New York v Claude McC., 163 AD3d 686). A "dangerous sex offender requiring confinement" is defined under Mental Hygiene Law article 10 as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition [*2]to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (Mental Hygiene Law § 10.03[e]). "The State must establish by clear and convincing evidence that the appellant is a dangerous sex offender requiring confinement" (Matter of State of New York v Clyde J., 141 AD3d 723, 724; see Mental Hygiene Law § 10.07[f]). Here, contrary to Richard J.'s contention, the Supreme Court applied the correct legal standard in determining that he is a dangerous sex offender requiring confinement in a secure facility, and clear and convincing evidence supported that determination (see Matter of State of New York v Clyde J., 141 AD3d at 724; Matter of State of New York v Abdul A., 123 AD3d at 1049).
BALKIN, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court